Mary McKay et al., Respondents, *v.* Allen Lasher et al., Appellants.

In an action of trespass upon lands, defendants claimed title. They gave in evidence a deed which purported to have been executed in 1875, and proved by the affidavit of L., a subscribing witness, sworn to in 1885. Plaintiff offered evidence showing that at the time of making the affidavit L. was of unsound mind. This was objected to by defendant on the ground that the evidence of mental imbecility should be directed to the time when L. became subscribing witness to the deed, not to the time when he proved its execution. The objection was overruled. *Held*, no error; that as it was by virtue of the affidavit that the deed was made *prima facie* admissible as evidence, if at that time L. was an incompetent witness by reason of mental imbecility the deed was inadmissible until otherwise proved. (Code Civ. Pro. §§ 935, 936.)

Under the provisions of the act of 1880 (Chap. 36, Laws of 1880), permitting the comparison of a disputed writing with any writing proved to the satisfaction of the court to be genuine, the manner of making such proof depends upon the general rules of evidence applicable to the proof of a party's hand-writing. The comparison is not confined to writings proved by witnesses who saw the party write; they may be proved by the testimony of witnesses that they were acquainted with the hand-writing of the person whose writing is in question, and that those presented for comparison are genuine.

An expert witness may be permitted to make illustrations upon a blackboard before the jury for the purpose of explaining his testimony and rendering it more intelligible to them.

The deed in question was claimed by plaintiff to have been forged. Upon the trial the wife of the alleged grantor was called as a witness by defendants, and after testifying to the execution of the deed by her husband and herself, defendants offered to prove by her that when he executed the deed, her husband stated that he owed the grantee and wanted to secure him by this deed. This offer was rejected. *Held,* no error.

Mem. of decision below, 50 Hun, 383.

(Argued May 8, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made December 7, 1888, which affirmed a judgment in favor of plaintiffs entered upon a verdict.

This was an action of trespass on lands. Plaintiffs claimed title as heirs at law of Patrick Clark, the former owner. Defendants claimed that the land was devised by said Patrick to his son, James Clark, and claimed title under an alleged deed from James Clark and wife, which deed plaintiffs alleged to be a forgery.

The facts, so far as material to the questions discussed, are stated in the opinion.

*Wm. H. Northrop* for appellants. The court erred in allowing Nicholas E. Broadhead to testify against the genuineness of the signature to the deed. (*Higbie* v. *G. Ins. Co.*, 53 N. Y. 604; *Peck* v. *Callaghan*, 95 id. 73; 1 Phill. on Ev. 223.)

*F. L. Westbrook* for respondents. When a paper is offered in evidence and rejected and its rejection is claimed to be error, the paper must be shown to the appellate court, so that such court may see that it was proper evidence. (*Briggs* v. *Evans*, 1 E. D. Smith, 196.) Proof of the signature of one who has signed his name as a witness to a paper does not prove another signature affixed to the paper, or that of the maker, so as to permit it to be used for the purposes of comparison. (*Martin* v. *Maguire*, 7 Gray, 179.) The evidence as to the mental condition of Joseph Lawrence by Doctor Garrison, and by Mary A. Rider and Fannie Caulkin, was properly admitted.

(1 R. S. 759, 760 ; 2 R. S. [6th ed.] 1146, § 35 ; Code Civ. Pro. §§ 935, 936 ; 1 Greenl. on Ev. § 365 ; *Livingston* v. *Kiersted,* 10 Johns. 362 ; *Hartford* v. *Palmer,* 16 id. 143 ; 2 Greenl. on Ev. § 689 ; *Hix* v. *Whittemore,* 4 Metc. 547 ; *Gardiner* v. *Gardiner,* 34 N. Y. 165, 166 ; *De Witt* v. *Barley,* 17 id. 340 ; *Com.* v. *Sturtevant,* 117 Mass. 134 ; *C. L. Ins. Co.* v. *Lathrop,* 111 U. S. 612, 613, 621 ; *People* v. *Packenham,* 115 N. Y. 200, 202 ; *In re Ross,* 87 id. 514, 520 ; *People* v. *Rose,* 52 Hun, 33, 37.) The standards used for comparison by the experts were all properly and sufficiently proved by legal evidence. (*People* v. *Hovey,* 92 N. Y. 560 ; *Comrs.* v. *Coe,* 115 Mass. 504 ; Laws of 1880, chap. 36 ; Lawson on Ex. & Op. Ev. 280 ; *Files* v. *Loomis,* 75 N. Y. 295 ; *Hammond* v. *Varian,* 54 id. 398 ; *Magee* v. *Osborn,* 32 id. 671, 677 ; *Jackson* v. *Van Dusen,* 5 Johns. 144 ; *State* v. *Thompson,* 80 Me. 194, 196, 199 ; *Roswell* v. *Fuller,* 59 Vt. 688, 695 ; *State* v. *Hastings,* 53 N. H. 452, 461 ; *Travis* v. *Brown,* 43 Penn. 12, 18 ; *Com.* v. *Coe,* 115 Mass. 481, 505 ; *Peck* v. *Callaghan,* 95 N. Y. 73, 75 ; *Simmons* v. *Havens,* 101 id. 433.) The objections to the expert Daniel T. Ames, pointing out the differences between the genuine signatures and the disputed signature and illustrating the same on the blackboard, and giving his reasons for his opinion, were not nor was either of them well taken. (*DuBois* v. *Baker,* 30 N. Y. 361, 364 ; *Goodyear* v. *Vosburgh,* 63 Barb. 154 ; Walker on Patents, § 498 ; *Keith* v. *Lathrop,* 10 Cush. 553 ; *S. M. Co.* v. *W. P. Co.,* 78 Me. 274 ; *Hawkins* v. *City Fall River,* 119 Mass. 94 ; *Sexton* v. *Inhab. North River,* 116 id. 200, 207 ; *Dickenson* v. *Inhab.,* 13 Gray, 555, 556 ; *Dryer* v. *Brown,* 52 Hun, 321 ; *Frank* v. *Bank,* 13 J. & S. 459 ; 84 N. Y. 209 ; *People* v. *Jackson,* 111 id. 362, 370 ; *People* v. *Buddensieck,* 103 id. 487, 500 ; *Conley* v. *People,* 83 id. 478 ; *Lindsay* v. *People,* 63 id. 143, 156 ; *Sullivan* v. *Com.,* 93 Penn. St. 284 ; *Eidt* v. *Cutler,* 127 Mass. 522, 524 ; *People* v. *Hope,* 62 Cal. 291, 295.) The offer to show that " James Clark said that he owed Mr. Crouch and that he wanted to secure him by this," was properly ruled out. (*Corse* v. *Peck,* 102 N. Y. 513 ; *Hoyle*

v. *Hoyle*, 49 Hun, 313; *Colwell* v. *Lawrence*, 38 N. Y. 73; *Briggs* v. *Evans*, 1 E. D. Smith, 192, 196; *Hosley* v. *Black*, 28 N. Y. 438; *Marsh* v. *McNair*, 99 id. 178–180; *Shattuck* v. *Bascom*, 105 id. 43; *Trimm* v. *Marsh*, 54 id. 608; *Power* v. *Lester*, 23 id. 531; *Runyan* v. *Mersereau*, 11 Johns. 534.) The offer to show that about the time of the giving of the paper James Clark was sued by creditors and that these papers were given for money lent, was properly excluded. (*Willett* v. *Ins. Co.*, 45 N. Y. 49; *Todd* v. *Bank*, 20 Abb. [N. C.] 278; *McGinley* v. *Ins. Co.*, 77 N. Y. 498.) The offer to show that James Clark was "examined on supplementary proceedings subsequent to the deed; that he testified on that occasion he owned no real estate whatever," was properly excluded. (*Hutchins* v. *Hutchins*, 98 N. Y. 64; *Jackson* v. *Sherman*, 6 Johns. 19; *Jackson* v. *Vosburgh*, 7 id. 186; *Jackson* v. *Miller*, 6 Cow. 756; *Gibney* v. *Marchay*, 34 N. Y. 301, 303; *Dodge* v. *T. Co.*, 93 U. S. 379, 383; *McDuffie* v. *Clark*, 39 Hun, 170; *Johnson* v. *Hicks*, 1 Lans. 151, 159; *Lapham* v. *Marshall*, 51 Hun, 36.) "When evidence is excluded on a mere general objection the ruling will be upheld if any ground in fact existed for the exclusion." (*Tooley* v. *Bacon*, 70 N. Y. 37.) As no exceptions to charge were taken and no requests to charge were made, it is to be assumed on appeal that all questions in the case were submitted and fully and properly submitted to the jury; and, as no motion was made for a dismissal of the complaint nor for a new trial, that the jury rightfully found for the plaintiffs. (*Bryant* v. *Trimmer*, 47 N. Y. 97; *Thayer* v. *Marsh*, 75 id. 342; *Walsh* v. *Ins. Co.*, 32 id. 440; *Salisbury* v. *Howe*, 87 id. 134.)

Peckham, J. The defendants urge here several grounds for a reversal of this judgment. I will mention them in their order.

(1) It is claimed that the learned trial court erred in permitting the plaintiffs to introduce evidence regarding the mental condition of one Joseph C. Lawrence from 1882 down to 1886, when he died.

In order to comprehend the force of the objection a few
facts must be stated.

Joseph C. Lawrence was the subscribing witness to the
execution of an alleged deed from James Clark and wife to
Pierre Crouch, which deed purported to have been executed
in the year 1875, and the acknowledgment of the grantors
purported to have been taken by Lawrence as a notary public
in that year. It was, however, admitted that Lawrence, in
1875, was not a notary public. The plaintiffs claimed the
deed was a forgery. The defendants based their defense upon
its genuineness, and in order to prove its execution (the
acknowledgment before Lawrence certified by him as notary
public in 1875, being worthless because he was not then a
notary), the defendants in June, 1885, procured the affidavit
of Lawrence as subscribing witness to the deed to be taken
before a notary, and the affidavit and the notary's certificate
of such sworn acknowledgment being put on the deed, it was
thus made receivable in evidence without calling Mr. Law-
rence, under section 935 of the Code of Civil Procedure.
But by section 936 of the Code, the certificate is not conclu-
sive, and it may be rebutted, and if it appear that the proof
was taken upon the oath of an interested or *incompetent* wit-
ness, the conveyance is not received in evidence until its execu-
tion is established by other competent proof.

When the defendants offered in evidence the deed from
James Clark and wife to Crouch, with the affidavit of Law-
rence as subscribing witness, taken before Sackett, a notary
public, the defendants had made out a *prima facie* case for
the admission of such deed, and the burden then rested upon
the plaintiffs of showing that for some one or all of the
reasons mentioned in the statute the deed should not be
received in evidence until its execution should be established
by other competent proof. This burden the plaintiffs endeav-
ored to sustain by proof that from 1882 down to 1886, when
he died, Mr. Lawrence was an incompetent witness by reason
of loss of mind induced by *senile dementia*, under which disease
he was suffering during those years, and from the effects of

which he died in the year above stated. No question arises as to the character or sufficiency of this proof, as there is no motion for the nonsuit of plaintiffs or for a direction of a verdict for defendants, and there is no exception to the judge's charge, no portion of which is given.

The contention of the counsel for the defendants, as stated in his brief, seems to be that the evidence of imbecility of mind should have been directed to the time when Mr. Lawrence became subscribing witness to the deed in 1875, and not to the time when he proved its execution by his *ex parte* oath in 1885. The statement of the objection is, as it seems to me, as conclusive an answer to it as could be framed were pages to be written on the subject. It was by virtue of his oath of 1885 that the deed was made *prima facie* admissible in evidence, and if at that time Mr. Lawrence was an incompetent witness by reason of imbecility of mind, the plaintiffs made out a perfect answer to its admission and rendered it thoroughly worthless until otherwise proved. There was no error in the ruling of the court upon that subject.

(2) It is argued by the defendants' counsel that the court erred in permitting incompetent evidence to prove the handwriting or signature of James Clark to other instruments for the purpose of putting them in evidence and subsequently comparing them with the alleged signature of James Clark to the deed to Crouch. The claim of the defendants' counsel seems to be that no writing can be admitted in evidence for the purpose of comparison under the act of 1880, excepting such as some witness can prove he saw the party write. This claim is not well founded.

The statute (Chap. 36 of the Laws of 1880) permits by its very terms comparison of a disputed writing with any writing proved to the satisfaction of the court to be genuine. How that proof is to be made depends, as I should suppose, upon the general rules of evidence applicable to the proof of a party's hand-writing, the only condition being that such specimen must be proved to be genuine to the satisfaction of the court. In this case many of the signatures were proved by

persons who had seen Clark write on other occasions and who had no doubt upon inspection that the signatures presented to them were genuine, and the court was satisfied of such fact and admitted them in evidence. In that decision no error is apparent.

(3) It is next claimed that the court erred in permitting an expert witness as to hand-writing, called by plaintiffs, to make illustrations on the blackboard before the jury for the purpose of explaining his testimony and rendering it more intelligible to them. In this we see no error.

Lastly, the defendants urge that the court erred in refusing to permit the witness, Mrs. Susan Clark, called for the defendants to prove a declaration of her husband, James Clark, alleged to have been made when he executed the deed in controversy, that he (Clark) owed Mr. Crouch and that he wanted to secure him by this deed.

As I have said, the deed in question was alleged by plaintiffs to have been forged. Mrs. Clark (James, her husband, being dead) was a witness for the defendants, who claimed title to the premises in question by virtue of this deed, and claimed that it was an absolute and valid instrument. The witness had already proved the execution of the deed by her husband and herself, and she was then asked the question as to what her husband said, and the offer was made as above stated. There would seem to be several answers to the claim of the defendants. It will be noticed that it is not an offer to prove as a fact that James, her husband, did in reality owe Crouch at this time, but it was a mere hearsay declaration which in no wise proved the fact itself as against these plaintiffs, even assuming such fact to be admissible. Again, even if the court had admitted the declaration and assumed that it proved the fact alleged, it would then have shown that the grantor, James Clark, was only a mortgagor, for it would have shown that the conveyance was in fact a mortgage, a mere security for the subsequent payment of a debt, and the title to the premises would have still been in the plaintiffs and no defense to the action would have been made out.

The jury having the evidence of Mrs. Clark before them as to the execution of the deed by her husband and herself, together with all the other evidence in the case, entirely disbelieved her testimony, and we cannot think that the least possible harm has been done the defendants in shutting out this evidence by her as to her husband's declarations in view of the fact that her evidence already before the jury was disbelieved by that body.

These are all the errors alleged upon which the defendants' counsel based his claim for a new trial.

For the reasons already given, as well as for those so well stated in the opinion of the learned judge at the General Term, we think the judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____