THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CAROLINE SMITH, alias ANNIE RILEY, et al., Appellants.

Upon the trial of an indictment for grand larceny, after a felony, to prove the former conviction of the defendants for the felony, the prosecution introduced in evidence what purported to be a "record of conviction" of the Court of Quarter Sessions of the Peace in and for the city of Philadelphia. There was appended to the record a certification by "the judge of the court" that the attestation was in due form, and a certificate of the clerk that the judge so certifying was judge of the court in question, "duly commissioned and sworn, to all whose acts as such full faith and credit are, and ought to be, given." There was no proof that there was any other judge of said court than the one who certified to the records. The defendants objected that the record was not properly certified in that there was no certificate from the chief justice or presiding magistrate as required by the act of congress. The objection was overruled. *Held*, no error; that so far as the certificate was concerned the judge named was the sole judge of the court, whose record

was received; and that in the absence of evidence it was not to be presumed that there were other judges of that court.

*Morris* v. *Patchin* (24 N. Y. 394), distinguished and limited.

In order to corroborate the testimony of a witness and to establish the identity of the defendants, photographs of them were received in evidence under objection; upon the backs of these photographs were certain writings descriptive of the defendants' evil careers. After the trial, affidavits respecting the examination by the jurors of the backs of said photographs were attached to the case and exceptions by permission of the trial judge. *Held*, that the photographs were competent for the purpose for which they were offered; that the review here was limited to what took place on the trial, and so, the case was not affected by the affidavits.

(Argued June 12, 1890; decided June 17, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of June, 1889, which affirmed a judgment convicting defendants of the crime of grand larceny in the second degree, after a felony, entered upon a decision of the Court of Sessions of Erie county.

The facts, so far as material, are stated in the opinion.

*William F. Howe* for appellants. The so-called record of conviction was erroneously received in evidence. (*Morris* v. *Patchin*, 24 N. Y. 395; *Smith* v. *Blagge*, 1 Johns. Cas. 239; *Hatcher* v. *Roscheleau*, 18 N. Y. 86.)

*Daniel J. Kenefick* for respondent. The record of the former conviction of the defendants in Philadelphia, Penn., was properly received in evidence. (Penal Code, §§ 531, 688; U. S. R. S. 171, § 905; *Taylor* v. *Commonwealth*, 8 Wr. Pa. 123; R. S. 2776, § 10; *Hawker* v. *People*, 75 N. Y. 487; *Comrs.* v. *Birdsall*, 69 Penn. St. 482.) The former conviction of the defendant in Philadelphia was sufficiently proved. (Penal Code, § 688; *Wood* v. *People*, 53 N. Y. 513; *Stevens* v. *People*, 1 Hill, 262; *People* v. *Price*, 53 Hun, 185.) The two sets of photographs of the defendants, one taken in Philadelphia and the other in Buffalo, were proper evidence to cor-

roborate the testimony of Stanwood as to the identity of the defendants with the parties convicted in Philadelphia. (*People* v. *Cowley*, 83 N. Y. 478; *Archer* v. *N. Y. C. & H. R. R. R. Co.*, 106 id. 603; *Ruloff* v. *People*, 45 id. 224; *Hynes* v. *McDermott*, 82 id. 50; *Underzook's Case*, 76 Penn. St. 340; 20 Alb. L. J. 4; *Wilcox* v. *Wilcox*, 10 N. Y. S. R. 747; *People* v. *Dimick*, 107 N. Y. 13.) No error was committed in allowing clerk Dickinson to testify as to what appeared on the diamond register in relation to the diamond bracelet. (*Guy* v. *Meade*, 22 N. Y. 463; *Daly* v. *Byrne*, 77 id. 188; *Fontain* v. *Pettie*, 38 id. 184.) The conduct and acts of the complaining witness, at the time of the discovery of the loss of the bracelet, was a proper subject of investigation. (1 Greenl. on Ev. 70; *Philips* v. *People*, 57 Barb. 360.) No exception was taken to any portion of the judge's charge; therefore, nothing therein is presented for review. (*People* v. *Buddensick*, 103 N. Y. 501; *People* v. *Hovey*, 92 id. 557; *People* v. *Boas*, Id. 561; Code Crim. Pro. § 528.) This court has no power to review the facts in this case. The decision of the Supreme Court as to their weight and sufficiency is final. (*People* v. *Donovan*, 101 N. Y. 632.)

GRAY, J. The appellants were indicted for and convicted of the crime of grand larceny in the second degree after a felony. The felony set out in the indictment was committed in the state of Pennsylvania. To prove the former conviction of the defendants for this felony, the people produced in evidence certain records of the Court of Quarter Sessions of the Peace in and for the city of Philadelphia, and the objection was made that they were incompetent, immaterial and not properly certified. The exception to the ruling of the court admitting the proof presents the principal question argued here.

Whatever may be the imperfections, or incompleteness in details, of the record offered, it is certified to by the clerk, over the seal of the Court of Oyer and Terminer and General Jail Delivery and Quarter Sessions of the Peace, as being a true copy of the whole record in the cause, wherein the common-

wealth of Pennsylvania was plaintiff and these appellants were the defendants, "as full, entire and complete as the same remains on the file of the court, etc." The record is headed "Record of conviction," and consists of the presentation of the defendants by the grand inquest of the commonwealth of Pennsylvania, for certain described offenses, and of the minutes of the court, showing the arraignment, conviction and sentence of the accused, upon their pleas of guilty to the indictment. To this record are appended the certificate of the clerk of the court mentioned; a certificate by "J. I. Clark Hare, the judge of the court, etc.," that the record and the clerk's attestation are in due form, and a certificate of the clerk that the judge so certifying was judge of the court in question "duly commissioned and sworn, to all whose acts, as such, full faith and credit are and ought to be given, as well in courts of judicature as elsewhere."

Under the act of congress we think the authentication of the record was such as to warrant its reception as proof of the previous felony of the defendants. The objection that there was no certificate from the presiding magistrate, or chief justice, of the court is unavailing here. There is no proof that there was such, or that there was any other judge of the court. So far as his certificate, or that of the clerk, is concerned, the judge named was the sole judge of the court whose record was received. The act of congress calls for a "certificate of the judge, chief justice or presiding magistrate that the attestation is in due form."

The opinion in *Morris* v. *Patchin* (24 N. Y. 394), cited by appellants' counsel, held only that it must appear by the certificate that the judge is the chief justice, or presiding magistrate, "when there are more judges than one of the court from which the record emanates." We are without proof on that subject and we are not to presume that there were other judges. Nor did the objection specifically point out any such ground.

Another exception argued was taken to the admission in evidence of the photographs of the defendants. The photo-

graphs were offered to corroborate the testimony of a witness and to establish the identity of the defendants, and the objection stated upon the record to their reception was that they were incompetent and immaterial. The photographs were competent evidence for the purpose for which they were offered. The ground is now taken, however, against their competency that upon their backs were certain writings, damaging to the defendants, as descriptive of their evil careers. That ground of objection, however, does not appear in the record of the trial and our review of the case is limited to what took place then. The ruling is not open to discussion on any other theory than that the photographs, as such, were incompetent evidence. The statements respecting the jurors' examination of the backs of the photographs, and which were made after the trial in the form of affidavits attached to the case and exceptions, by the permission of the trial judge, cannot affect the case. The defendants' counsel had the opportunity to fully examine the photographs and they were bound to state all their objections to their reception as proofs in the case, when the people offered them.

We see no errors committed in the trial, and the judgment should be affirmed.

All concur.

Judgment affirmed.