### MORTIMER v. CHAMBERS et al.

*(Supreme Court, Special Term, New York County. June, 1891.)*

1. HANDWRITING—COMPARISON—AMENDMENT OF STATUTE—CONSTRUCTION.
   Laws 1880, c. 36, provides (section 1) that "comparison of a disputed writing with any writing proved to the satisfaction of the court to be genuine shall be permitted to be made by witnesses in all trials," and (section 2) that "this act shall take-effect immediately." Laws 1888, c. 555, amended section 2 so as to read as follows: "Comparison of a disputed writing with any writing proved to the satisfaction of the court to be the genuine handwriting of any person claimed on the trial to have made or executed the disputed instrument or writing shall be permitted." *Held,* that a further provision of the amendment, that "nothing within contained shall affect or apply to any action or proceeding heretofore commenced or now pending," applied only to the amendment.

2. NOTE EXECUTED BY DECEDENT—LIMITATION OF ACTIONS.
   During the three years following the probate of a decedent's will, limitations do not run against a note executed by him, as the holder of the note cannot sue within that time.

Action on certain promissory notes by Sarah E. Mortimer against Mary A. Chambers, William F. Chambers, and William F. Fardon. Decree for plaintiff.

*Lucien Birdseye* and *W. J. Underwood,* for plaintiff. *C. Fine,* for defendants.

PATTERSON, J. This action is brought to enforce against certain real estate, devised to the defendants Chambers in and by the last will and testament of Louisa F. Fardon, an indebtedness claimed to be owing by the testatrix at the time of her death to her sister, the plaintiff. That alleged indebtedness is presented in the form of three promissory notes, as follows, viz.: One, dated May 1, 1879, for $253; another, dated May 1, 1880, for $280; and another, dated July 15, 1880, for $521.50. The complaint contains all the necessary averments to bring the cause within the provisions of the Code of Civil Procedure relating to and regulating such actions. Sections 1843–1850. The parties defendant are Mrs. Chambers, the daughter of the testatrix, to whom a life-estate in the realty was given; William F. Chambers, a remainder-man; and William F. Fardon, a son of the testatrix and an annuitant, whose annual allowance is charged upon the land. The suit was begun against the defendants Chambers on October 27, 1886. In August, 1889, as appears from a paper, (not marked in evidence, but which I understood on the trial was to be put in, so that the defendants might raise the question of the applicability of the statute of limitations,) Fardon was brought in as a party defendant by supplemental summons. The testatrix died December 25, 1880. The plaintiff, to establish her case, produced the three promissory notes, the making and delivery of which were denied by the answers. Those notes were in the plaintiff's possession before the testatrix died, and the plaintiff was permitted to testify to the fact under the decision in *Simmons* v. *Havens,* 101 N. Y. 427, 5 N. E. Rep. 73. Further, she offered in evidence, to prove the signature to the notes, a certain bond made and signed by Louisa F. Fardon. The defendants' counsel is in error in stating that this bond was not put in evidence. It was admitted on the examination of Mr. Ames, and was made the standard of comparison, although by some oversight it is not marked or recorded as being in evidence. I distinctly remember ruling that it be marked as an exhibit in evidence, but not the mortgage accompanying it, and that is perhaps the reason the omission has occurred. The record should be corrected, for the whole case was tried

on both sides on the basis that the bond as a standard of comparison was in evidence. It was given in 1871 to the Home Insurance Company, and Mr. Coman fully proved that it was signed by Mrs. Fardon. The court was entirely satisfied that the person who signed that bond was the testatrix, and on the testimony of Mr. Ames, the expert in handwriting,—as would also appear to the most unpracticed eye by a simple inspection of the several instruments,—it was convincingly established, "to the satisfaction of the court," that the notes were not only signed by, but that every word of them was in the handwriting of, the testatrix. On this proof a *prima facie* case of indebtedness was made out, unless the evidence as to the signature of Mrs. Fardon to the notes was improperly admitted. It was understood at the trial that I would consider that subject further on the final submission of the record and arguments. I have done so, and adhere to what I stated to counsel on the trial.

The act of 1880, c. 36,[1] controls. It is there provided that "comparison of a disputed writing with any writing proved to the satisfaction of the court to be genuine shall be permitted to be made by witnesses in all trials, * * * and such writings, and the evidence of witnesses respecting the same, may be submitted to the court and jury as evidence of the genuineness of the writing." This statute has been commented on in *Peck* v. *Callaghan*, 95 N. Y. 74, and *McKay* v. *Lasher*, 121 N. Y. 482, 24 N. E. Rep. 711; and under the authority of those cases, if the act of 1880 applies, the course pursued in comparing the signature or the handwriting of the notes with the signature of the bond (clearly shown to have been signed by the testatrix) was proper. It is contended, however, that the act of 1888, c. 555,[2] has superseded or operated a repeal by implication of the act of 1880, and that as the statute of 1888 was in force at the time of this trial the evidence should not have been admitted. Section 2 of the act of 1888 makes some change in the act of 1880, but it is expressly provided that nothing therein contained shall affect or apply to any action or proceeding "heretofore commenced or now pending." There is nothing in the latter act to indicate that it was the purpose of the legislature to deprive litigants in suits then pending of all benefit of the law which authorized the proofs of the genuineness of the handwriting of a disputed document by a comparison of the chirography of that document with other handwriting (satisfactorily proven to be genuine) of the person whose writing or signature was in contest. What is relied upon here as repealing the act of 1880 is nothing but a saving clause; and, whatever may have prompted the legislature to pass the act of 1888, it is not to be considered that it intended to take away a right or even a remedy in pending cases conferred by the act of 1880, and give it at the same time to litigants in cases that might be begun the next day. Such a construction of the statute would be unjust and oppressive in the extreme, and a comparison of the two acts will plainly indicate that the legislature had no such absurd intention. The act of 1880 was in force as to all actions brought before or pending at the time the law of 1888 was passed, and applied to this cause.

---

[1] Laws 1880, c. 36, provides: "Section 1. Comparison of a disputed writing with any writing proved to the satisfaction of the court to be genuine shall be permitted to be made by witnesses in all trials and proceedings; and such writings, and the evidence of witnesses respecting the same, may be submitted to the court and jury as evidence of the genuineness or otherwise of the writing in dispute. Sec. 2. This act shall take effect immediately."

[2] Laws 1888, c. 555, provides that Laws 1880, c. 36, § 2, "is hereby amended so as to read as follows; 'Sec. 2. Comparison of a disputed writing with any writing proved to the satisfaction of the court to be the genuine handwriting of any person claimed on the trial to have made or executed the disputed instrument or writing shall be permitted, and submitted to the court and jury in like manner. But nothing within contained shall affect or apply to any action or proceeding heretofore commenced or now pending.'"

The testimony in all essential matters sustained the averments of the complaint, including proof of the want of assets to pay the claim. The affirmative defenses were not maintained. The six-years limitation, I think, does not apply, and that is the only one set up in the answer. If this were a proceeding in the surrogate's court by an executor to sell lands for the payment of debts, that limitation would control, (*Butler* v. *Johnson,* 111 N. Y. 213, 18 N. E. Rep. 643;) but this plaintiff could only procure relief by an action in equity, and was obliged to wait until three years had expired from the probate of the will of the testatrix. I think the statute pleaded does not apply, (*Wood* v. *Wood,* 26 Barb. 356; *Butler* v. *Johnson,* 111 N. Y. 204, 213, 18 N. E. Rep. 643;) and that the plaintiff is entitled to a decree, with costs.