## PEOPLE *v.* CLARK.

*(Supreme Court, General Term, First Department.*   November 18, 1892.)

**1. CRIMINAL LAW—SECOND CONVICTION—EVIDENCE.**
   On an indictment for a second offense of forgery the clerk of the court was called to prove the previous conviction from the court records, which showed that two indictments against defendant had been filed the same day, but on one only had he been found guilty and sentenced.   *Held,* that it was not error, in answer to a question as to what the records showed, for the clerk to state that two indictments had been filed, where defendant did not object or except thereto, and did not move to strike the statement out.

**2. SAME—ADMISSIBILITY OF EVIDENCE—INDICTMENT IN TWO COUNTS.**
   Where a conviction is sought on each of two counts in an indictment, evidence that is competent to prove the offense charged in one count is admissible, though it is not competent to prove the offense charged in the other count.

**3. SAME—INSTRUCTIONS.**
   Isolated statements found in a judge's charge in a criminal case, not objected to by defendant at the time, and selected regardless of their context, afford no ground for reversal unless they are clearly bad law, and tend directly to defendant's prejudice.

Appeal from court of general sessions, New York county.

Frank W. Clark was convicted of forgery in the second decree as a second offense, and appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*Frank J. Kellar,* for appellant.   *De Lancey Nicoll, (Henry B. B. Stapler,* of counsel,) for the People.

O'BRIEN, J.   The indictment contained two counts; the first for having forged a check, and the second count for uttering the forged paper.   The defendant was convicted upon the first count, and the grounds sought to be made available to reverse the judgment of conviction relate to alleged errors in the admission of evidence, and in certain statements made by the learned judge in his charge.   The prosecution, upon the trial, showed that the defendant had previously been convicted of the crime of forgery on the indictment admitted in evidence, to which he had pleaded guilty, and upon which the judgment of the court was pronounced against the defendant, and that, in pursuance thereof, he was sent to the New York state reformatory.   For the purpose of proving the former indictment and conviction, which was essential to sustain the first count of forgery for a second offense, the records of the court were introduced, and, with the minutes of the court in his possession, the witness, (a clerk thereof,) testified that they showed, with respect to the first offense sought to be proved, that two indictments on the same day had been filed, to one of which the defendant pleaded not guilty, which plea was subsequently withdrawn, and the plea of guilty substituted by leave of the court, upon which judgment was pronounced, and the defendant sent to the state reformatory.   This statement that two indictments were found on the same day is claimed to have been error, because on one indictment alone was he found guilty and sentenced.   The objection, however, we think untenable, for the reason that the clerk was simply stating from the records, which were competent and admissible in evidence, undoubtedly, in answer to a question as to what they showed; and at the time the statement was given no objection was made or exception taken, and no motion afterwards made to strike it out.   Nor can we see how it in any way prejudiced the prisoner.   In addition to establishing the fact that the defendant was convicted of a former offense of forgery, the people offered evidence tending to prove that the defendant forged or uttered the forged paper for which he was then on trial.   For this purpose, testimony was introduced of one of the officers of the National Exchange Bank to whom the check, purporting to have been drawn by F. W. Kinsman & Co. to the order of Frank du Bois, and indorsed with the latter name, was pre-

sented by the prisoner, who gave the name of Frank du Bois, and deposited the check with the bank for the purpose of opening an account therewith. That this check was a forgery was abundantly proved. But in support of the two counts of the indictment as to whether or not the prisoner was guilty of having committed the forgery, or of uttering the forged paper, most of the testimony objected to was given. This testimony consisted of a number of other checks, which were introduced by the prosecution, and admitted in evidence for the purpose of comparison of handwriting, the witnesses testifying that such checks were written in their presence by the prisoner, and delivered by him. These were objected to upon the ground of being immaterial, irrelevant, and incompetent. Having regard to the form of the objection, if these were in any aspect material, relevant, and competent, then the objection falls, and the exception is of no avail. We think that these other checks which the witnesses had seen the prisoner sign were competent, not only for the purpose, as stated by the court, as evidence to go to the jury of the defendant's personal presence at the various times and places mentioned by the witnesses, in rebuttal of his defense of an *alibi*, but that they were competent, in addition, upon the question of handwriting, and also upon the second count of the indictment, which charged the prisoner with having uttered a forged check. It must be remembered that the people were endeavoring to prove one or both counts of the indictment, and, when the testimony was all in, the court presented the question as to whether the defendant was guilty of either of the two counts. Though we should, therefore, take the distinction which the appellant seeks to make as to the scope and effect of the case of *People* v. *Everhardt*, 104 N. Y. 591, 11 N. E. Rep. 62, as permitting the introduction of other forged checks for the purpose of showing guilty knowledge only in cases where the defendant is accused of uttering forged paper, but not in a case of forgery itself, he would not derive much comfort therefrom, because the people were engaged in establishing both counts of the indictment, and, if this evidence was competent to establish either count, the objection thereto would not lie. Nor do we think there is any more force in the other objection made,—that other exhibits which were introduced for the purpose of comparison of handwriting were incompetent,—because, whatever may have been the law formerly, by chapter 36 of the Laws of 1880, as amended by chapter 555 of the Laws of 1888, it is provided that "comparison of a disputed writing with any writing proved to the satisfaction of the court to be the genuine handwriting of any person claimed on the trial to have made or executed the disputed instrument or writing shall be permitted, and submitted to the court and jury in like manner." *McKay* v. *Lasher*, 121 N. Y. 482, 24 N. E. Rep. 711; *People* v. *Smith*, 121 N. Y. 578, 24 N. E. Rep. 852.

Other errors claimed relate to certain statements made by the learned judge in his charge to the jury. No exception, however, was taken to the charge, or any portion of it; nor do we think, had there been, that there was any error in the charge, taking the remarks complained of in connection with the context and the subject to which they were directed. It will not do in a case to take an entire charge, and pick therefrom isolated sentences, and, without having in any way excepted or called the judge's attention to the subject, seek, by thus taking them out and disconnecting them from the other portions of the charge, after the trial and conviction of a prisoner, to make such available for the purpose of securing a reversal; and it is only in cases where it can be clearly seen that the statements themselves were erroneous statements of law, and directly tended to prejudice the prisoner, that this court is called upon at all to consider them. Upon the entire evidence, we have no question of the soundness of the verdict as to the prisoner's guilt. It was proved in as satisfactory and as conclusive a manner as such a crime can be proven, and the attempt to establish an *alibi*, we think, was fairly and successfully assailed by the witnesses produced by the people. Under such circum-

stances, we have for our guide that section of the Criminal Code (section 542) which provides that, "after hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." Upon this record there can be no doubt of the defendant's guilt, and with this conviction forced upon us by our examination, in our judgment, there is not a single exception available except one. That relates to the admission of a question asked the witness Johnson, as to whether the check which he testified the defendant had handed to him at the time had written upon it the words, "No account," together with certain figures in pinkish ink. The objection to this question, we think, was good, because it was entirely immaterial and irrelevant, and, were it not for the overwhelming evidence in the case, could not be held to be entirely harmless. We do not believe, however, that the answer to this one question in any way affected the substantial rights of the prisoner, and therefore we think that to disregard this technical error or defect is in consonance, under the facts as here proven, with justice, and complies with the provisions of the Code requiring us to give judgment notwithstanding such technical errors provided the substantial rights of the prisoner are not affected. We think that the judgment of conviction was right, and that it should be affirmed. All concur.