JOHNSON SERVICE CO. v. MacLERNON.

(Supreme Court, Appellate Division, First Department. February 3, 1911.)

1. EVIDENCE (§ 566*)—OPINION EVIDENCE—REASON FOR OPINION.

A handwriting expert, testifying to the identity of handwriting, may on his examination in chief give the reasons for his opinion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2390; Dec. Dig. § 566.*]

2. APPEAL AND ERROR (§ 233*)—QUESTIONS REVIEWABLE—RULING ON EVIDENCE.

Where the court sustained an objection to a question asking an expert as to his reasons for his opinion, the party asking the question need not, in order to have the ruling reviewed, persist in his efforts to draw from the expert the reasons which led to his opinion.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 233;* Trial, Cent. Dig. § 192.]

3. EVIDENCE (§ 596*)—DEGREE OF PROOF—PREPONDERANCE.

A plaintiff, suing for money embezzled by defendant, need only establish his case by a fair preponderance of the evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2446-2448; Dec. Dig. § 596.*]

Appeal from Trial Term, New York County.

Action by the Johnson Service Company against Victor G. MacLernon. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Dickinson W. Richards, for appellant.
Martin T. Manton, for respondent.

SCOTT, J. Appeal by plaintiff from a judgment entered upon a verdict and from an order denying a motion for a new trial.

The action is for moneys alleged to have been embezzled by defendant from plaintiff, for whom he was office manager. To prove the allegations of the complaint, it became of vital importance to plaintiff to show that a large number of postal cards, apparently signed by workmen in plaintiff's employ, were in fact in the handwriting of defendant. To this end plaintiff called a well-known handwriting

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

expert, who testified that he had compared the disputed postal cards with papers admitted by plaintiff to be in his own handwriting, and that in his opinion all were written in the same hand. The witness was then asked to state the reasons for his opinion. An objection to this question was sustained, and the plaintiff duly excepted.

This was error. It is a rule of general acceptance that an expert may always, if called upon, give the reasons for his opinion.

"Whenever the opinion of any living person is deemed to be relevant, the grounds on which such opinion is based are also deemed to be relevant." Chase's Stephen's Digest (2d Ed.) 156.

"On direct examination the witness may, and, if required, must, point out his grounds for belief in the identity of the handwriting on the principle already considered. Without such a reinforcement of testimony the opinion of experts would usually involve little more than a counting of the numbers on either side." 3 Wigmore on Ev. § 2014.

In this state the practice of permitting handwriting experts to give the reason for their opinion, and even to illustrate upon a blackboard, has been distinctly approved. McKay v. Lasher, 121 N. Y. 477–483, 24 N. E. 711. The reasons for the expert's opinion, if he had been permitted to give them, might, and probably would, have added great force to his testimony; for the mere expression of opinion, standing alone, has little probative force. Matter of Koch, 33 Misc. Rep. 153, 68 N. Y. Supp. 375.

We cannot accede to the suggestions, made on behalf of defendant, that plaintiff's counsel should have persisted in his efforts to draw from the witness the reasons which led to his opinion. The question as to the admissibility of the evidence was squarely presented, and to ask the same question in different forms was unnecessary, and would have been indecorous.

The court was led, by acceding to a request from defendant's counsel, to apply to this case the stringent rules of the criminal law as to the degree of proof which the plaintiff was required to make in order to obtain a favorable verdict. Although the defendant was charged with a criminal act, the action was a civil one, and all that was required of plaintiff was that it should establish its case by a fair preponderance of evidence.

For these errors, the judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.