THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS FERNANDO ZAYAS ORTIZ, Defendant and Appellant.

No. 10966. Argued December 14, 1945.—Decided January 14, 1946.

*Ramos Antonini* and *Ortiz & Gutiérrez Franqui* for appellant. *E. Campos del Toro, Attorney General, Luis Negrón Fernández, Assistant Attorney General,* and *J. Rivera Barreras* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The appellant herein was convicted on a charge of involuntary manslaughter, in that he operated an automobile so negligently and at such an excessive speed that it overran Manuel Jiménez Morales, causing his death. Feeling aggrieved by the judgment which sentenced him to a term of 9 months in jail, he took the present appeal.

 The appellant urges that the lower court erred in denying his motion for a peremptory acquittal; an in rendering a judgment of conviction.

From the record it appears that at the close of the evidence for the prosecution, the defendant presented a motion for his peremptory acquittal; that the court denied the motion; and that the defendant then proceeded to introduce his evidence. This is sufficient for us not to stop to consider this assignment, as it is a well-settled doctrine that where a defendant introduces his evidence after his motion for a peremptory acquittal has been overruled, such action on his part is equivalent to a waiver of said motion. *People* v. *Ojeda,* 26 P.R.R. 391; *People* v. *González et al.,* 24 P.R.R. 667; and *People* v. *Berenguer,* 59 P.R.R. 79.

We have examined the evidence and we find that it is more than sufficient to justify the information brought and the judgment rendered against the accused. All the elements of the offense charged were clearly established, without there being the slightest doubt that the defendant was the driver of the vehicle. which by reason of its being operated negligently and at an excessive speed, caused the death of Manuel Jiménez. The trial court did not err in weighing the evidence.

 The appellant urges that the lower court erred in denying his motion for a new trial.

This assignment lacks merit. Since an order refusing to grant a new trial is appealable, this court lacks jurisdiction to review the same where no appeal is taken therefrom. *People* v. *Lebrón,* 61 P.R.R. 634, 652; *People* v. *Ortiz,* 62 P.R.R. 246; *People* v. *Vélez,* 63 P.R.R. 390; and *People* v. *Guillermo García Molina,* Cr. Case No. 10924, decided November 26, 1945 (*per curiam*).

 From the record it appears that after counsel for the defendant had finished stating to the jury the theory of the defense, the district attorney, in the presence of the jury, stated that that theory "is contrary to the one advanced

at the former trial and this can not be done in accordance with the law.'' The defense counsel asked that the jury be withdrawn and, in the absence of the latter, he moved for a mistrial. This motion was denied, and upon the trial being resumed, the court addressed the jury as follows:

"The court instructs the jury that the theory of the defense in this case, which is the one now before you, is the theory stated by Mr. Gutiérrez Franqui; and that you should not, for any purpose, take into account the statement just made by the district attorney that the theory of the defense had been changed.''

We agree with the appellant that the statements of the district attorney were improper and erroneous. An accused is entitled to base his defense on any theory, even though the latter may be different from the one relied on at a former trial in the same cause. The prosecuting attorney may challenge any unjustifiable change in the theory of the defense, by impeaching the testimony of the witnesses introduced to support the new theory, by confronting them with the testimony which they may have given in support of the discarded theory, and by using any other means authorized by the rules of evidence to show that the new theory is inconsistent with the one advanced at the former trial.

If the error committed by the prosecuting attorney had not been corrected, it might have been considered as prejudicial to the interests of the defendant. However, the timely and correct instruction given by the court to the jury cured the error and avoided the prejudice. *People* v. *Marrero,* 48 P.R.R.875; *People* v. *Marchand,* 53 P.R.R. 640; *People* v. *González,* 59 P.R.R. 95; *People* v. *Piazza,* 60 P.R.R. 561.

4. The last assignment of error relates to the admission in evidence of a photograph showing the bust and face of the victim. The appellant urges that said photograph was introduced for the sole purpose of impressing the jury and creating prejudice in their minds against the defendant. The *Fiscal* maintains that the photograph was necessary in order that the doctor who made the post-mortem examination and

the witnesses who saw the injured party immediately after he was overrun by the automobile, none of whom knew the deceased, could identify the photograph as that of the human being whose body had been examined by the physician and had been seen by the other witnesses as it lay on the public highway.

The appellant has not caused the objected photograph to be sent to us and he has not placed us in a position tó determine whether the photograph in question was of such a character that its introduction in evidence must unavoidably prejudice the jury against the defendant. The mere fact that a photograph may impress the jury unfavorably against the defendant does not justify its exclusion, provided the prosecuting attorney has offered it in evidence for a legitimate purpose of the prosecution and not merely to create prejudice in the minds of the jury against the accused. See *State* v. *Finch,* 103 Pac. 505; *State* v. *Nelson,* 92 P. (2d) 182; *Wilson* v. *State,* 11 So. (2d) 563; *People* v. *Smith,* 121 N. Y. 578; *People* v. *Durrant,* 116 Cal. 179; and *Commonwealth* v. *Winter,* 289 Pa. 284.

The judgment appealed from should be affirmed.

Mr. Justice Córdova did not participate herein.