*William H. Beck, solicitor,* contra.

422.  BASS *v.* THE STATE.

HILL, C. J.  1. There is no merit in the general grounds of the motion for new trial, as the evidence clearly established the fact that the defendant, on or about the time charged in the indictment, did sell spirituous liquors in Morgan county, where such sale was prohibited by law.

2. It is not permissible, except by express leave granted in the discretion of the court, to refresh the memory of one's own witness by repeating to him testimony which it is stated that he gave on a previous trial.

3. Two witnesses introduced by the defendant to establish the defense of alibi utterly failed, by their testimony, reasonably to exclude the possibility of the defendant's presence at the time and place of the commission of the offense; and the range of their testimony, in this respect, did not at all conflict with that of the State, and the defense of alibi was based solely on the defendant's statement. In this situation, the court did not err, in the absence of a request for fuller instructions on the subject, in restricting the charge to the jury on that defense to the definition of an alibi as laid down in the Penal Code, § 992. *Williams* v. *State*, 123 *Ga.* 141 (3, 4).

4. When the court had fairly and correctly charged the doctrine of reasonable doubt as applicable to all the evidence in the case and the statement of the defendant, there was no error in failing to charge the special proposition that if the evidence offered in support of the defense of alibi, even though insufficient to establish that as a substantive defense, yet, when taken in connection with all the other evidence in the case, raised a reasonable doubt of guilt, the jury should acquit. Especially is this true where no request was made to the court to so instruct the jury. *Shaw* v. *State*, 102 *Ga.* 665.                    *Judgment affirmed.* .

Certiorari, from Morgan superior court—Judge Lewis.  March 9, 1907.

Argued April 23,—Decided May 3, 1907.

*George & Anderson,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.