.    MILES *v.* THE STATE.

EVANS, P. J.   1. In giving a summary of the defendant's contention, which
   if true would acquit him of the crime, the trial judge is not bound to
   instruct the jury, in immediate connection, that if the enumerated cir-
   cumstances are found to be true, they should acquit the defendant, where
   the court charges the law appropriate to the case.
2. The corpus delicti may be proved by circumstantial evidence, and it is
   not error for the court to so charge. ̣
3. The evidence against the accused, while circumstantial, was sufficient
   to support the verdict, and the trial judge did not abuse his discretion
   in refusing to set aside the verdict.

                    *Judgment affirmed.   All the Justices concur.*

            Argued October 21,—Decided November 16, 1907.

   Indictment for murder.   Before Judge Spence.   Decatur supe-
rior court.   July 1, 1907.

   *John R. Cooper* and *R. G. Hartsfield,* for plaintiff in error.

   *John C. Hart, attorney-general, William E. Wooten, solicitor-
general,* and *I. J. Hofmayer,* contra.

---

                    HOLMES *v.* THE STATE.

LUMPKIN, J.   No ruling or charge of the court pending the trial is com-
   plained of; the evidence was sufficient to support the verdict; and there
   was no error in overruling the motion for a new trial.

                    *Judgment affirmed.   All the Justices concur.*

            Argued October 21,—Decided November 16, 1907.

   Indictment for murder.   Before Judge Seabrook.   McIntosh su-
perior court.   June 22, 1907.

   *Charles M. Tyson,* for plaintiff in error.

   *John C. Hart, attorney-general, Newton J. Norman, solicitor-
general,* and *Garrard & Meldrim,* contra.