### 6353.   MOODY *v.* THE STATE.

RUSSELL, C. J.   1. The failure of the court to charge the jury upon the second "branch" of the rule as to alibi, as required by the rulings of the Supreme Court in *Ledford* v. *State,* 75 *Ga.* 856, and in *Harrison* v. *State,* 83 *Ga.* 129 (9 S. E. 542), was such error as requires the grant of a new trial. *Callahan* v. *State,* 14 *Ga. App.* 442 (81 S. E. 380); *Raysor* v. *State,* 132 *Ga.* 237 (63 S. E. 786). The trial judge is not required, in the absence of a request, to instruct the jury upon the subject of alibi, but if he sees proper to do so the instruction must be correct. In the present case the incompleteness of the instructions upon that subject (the instruction so concluding as to leave resting upon the defendant the burden of establishing her alibi to the reasonable satisfaction of the jury, without telling the jury that even if the defense of alibi was not satisfactorily established, the testimony upon that subject might still serve, when considered in the light of the entire evidence, to raise a reasonable doubt which might suffice to acquit the defendant) deprived the defendant of a substantial right; since the omission of an instruction to the effect that the evidence offered in support of the alibi might of itself generate a reasonable doubt of the guilt of the accused may impress the jury that if the alibi is not established to the reasonable satisfaction of the jury, it can not be considered for any other purpose.

2. Other errors assigned in the motion for a new trial, not being likely to recur upon another investigation, need not be considered.

*Judgment reversed.*

DECIDED SEPTEMBER 18, 1915.

Accusation of sale of liquor; from city court of Carrollton— Judge Beall. January 22, 1915.

*Boykin & Boykin, Raymond Robinson,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.