## WILLIAMS *v.* THE STATE.

1. The evidence authorized the verdict.

2. A prima facie case is all that is necessary to carry dying declarations to the jury. It is an issue of fact whether or not they were made in immediate prospect of death.

3. The court did not err in failing to charge that "dying declarations should be received with great caution, and the bias, the feeling, and the physical and mental condition of the declarant, as well as the credibility of the alleged declaration, should be weighed by them," even if this charge was such as the court would have been required to give had there been a written request therefor.

No. 1029.  OCTOBER 16, 1918.

Indictment for murder. Before Judge Mathews. Houston superior court. May 6, 1918.

*J. P. Duncan, R. N. Holtzclaw,* and *C. E. Brunson,* for plaintiff in error.

*Clifford Walker, attorney-general, John P. Ross, solicitor-general,* and *M. C. Bennet,* contra.

BECK, P. J. Buster Williams was indicted for the offense of murder, it being alleged that he feloniously shot and killed John King. Upon the trial the jury rendered a verdict of guilty, with a recommendation. The defendant made a motion for a new trial, which was overruled, and the defendant excepted.

1. The evidence in this case authorized the verdict. The testimony of Buster Atkinson, who was jointly indicted with the plaintiff in error, and who testified that he saw the defendant in the present case shoot and kill the decedent, shows that the killing was without justification or any provocation which would reduce the killing from murder to a lower degree of homicide. This testimony was corroborated by the dying statement of the decedent.

2. There was no error in admitting the statement of the decedent as a dying declaration. He declared that the defendant killed him, and this declaration was made after he stated repeatedly that he would die, while he was conscious, and a short time before death actually supervened. "A prima facie case is all that is necessary to carry dying declarations to the jury. It is an issue of fact whether or not they were made in immediate prospect of death." *Varnedoe v. State,* 75. Ga. 181 (58 Am. R. 465).

3. The court did not err in failing to charge that "dying declarations should be received with great caution, and the bias, the feeling, and the physical and mental condition of the declarant, as well as the credibility of the alleged declaration, should be weighed by them," even if this charge was such as the court would have been required to give had there been a written request therefor.　　　*Judgment affirmed. All the Justices concur.*