## WAFFORD v. THE STATE.

1. It was error to omit to instruct the jury in this case, as a part of the court's charge upon the subject of alibi, that such evidence should be considered by the jury in connection with all the other testimony in the case, and that even though the jury should not be satisfied that the defendant was absent from the scene of the crime at the time of its commission, nevertheless, if the evidence as to alibi was sufficient to create a reasonable doubt as to the guilt of the accused, he should be acquitted. "Though the burden was the defendant's to show alibi to the satisfaction of the jury, and on that issue reasonable doubts would not avail him, yet, on the final issue of guilty or not guilty, . . all the evidence is for the consideration of the jury, and it is for them to say whether, from all of it, he is guilty beyond a reasonable doubt." Where evidence of alibi, if credible, is sufficient to authorize an acquittal and the only question is one of credibility, it is especially important to one on trial for crime that the jury be instructed that the testimony relating to alibi should be considered along with all other evidence in the case, and that if upon consideration of all the testimony in the case, including that upon the subject of alibi, the jury is not satisfied of the defendant's guilt beyond a reasonable doubt, he is entitled to be acquitted. The failure to instruct the jury in this case substantially as above indicated requires that the judgment overruling the motion for a new trial be reversed.
2. Where a party upon cross-examination elicits a portion of a conversation which is irrelevant, immaterial, or incompetent, he will not be heard to object to the admission of other portions of the same conversation.
3. It is error for the court to present to the jury in a criminal case a defense not suggested by evidence introduced in behalf of the defendant or by his statement or the argument of counsel for the accused. From the statement in which the exception in this case is made the court must assume that counsel for the accused argued that the deceased may have been killed by the railroad, and consequently it was not error to charge as complained of.
4. As this case must be tried again, no ruling will be made at this time as to the sufficiency of the evidence.

No. 5430.   November 25, 1926.

Murder. Before Judge Irwin. Floyd superior court. April 16, 1926.

*F. W. Copeland,* for plaintiff in error.

*George M. Napier, attorney-general, James F. Kelly, solicitor-general, T. R. Gress, assistant attorney-general,* and *M. Neil Andrews,* contra.

Russell, C. J.   On August 4, 1925, the body of a human being was found scattered along the tracks and right of way of the South-

Criminal Law, 16 C. J. p. 977, n. 53; p. 1043, n. 35; 17 C. J. p. 203, n. 87; p. 211, n. 5.

ern Railway in North Rome. Shortly afterwards the accused was arrested as a participant in the homicide of Will Smith, or Will Smith Mitchell. The accused was indicted for the offense of murder, and upon his trial was convicted. He made a motion for a new trial, which was overruled, and exception is taken to this judgment. In addition to the general grounds, the movant insists upon three special grounds as reasons why a new trial should be granted.

1. In the first special ground of the motion complaint is made of the failure of the judge to instruct the jury to the effect that any evidence on the subject of alibi should be considered by the jury in connection with all other testimony, and that although the accused might not establish his alibi to the reasonable satisfaction of the jury as required by law, still if upon consideration of the evidence in support of alibi, in connection with all the other testimony in the case, a reasonable doubt was generated, the defendant would be entitled to be acquitted. Upon the subject of alibi the court charged as follows: "In this case the defendant enters his plea of not guilty; he contends that he was not present, that he knew nothing of the killing, that he was at another place at the time when the killing took place. He pleads what is known in law as alibi. I will give you the law of alibi, that you will understand what is necessary to be done in a case of alibi. Alibi, as a defense, involves the impossibility of the prisoner's presence at the scene of the offense at the time of its commission, and the range of the evidence in respect to time and place must be such as reasonably to preclude the possibility of the defendant's presence. Now that is what is necessary to appear before the defense of alibi is set up, and the burden is upon the defendant to show, to satisfy you, not beyond a reasonable doubt, as is required on the part of the State to prove all of the necessary allegations in the bill of indictment beyond a reasonable doubt; but when the defendant sets up the defense of alibi, then the burden is upon him to satisfy you to a moral and reasonable certainty that it was impossible for him to have been present at the scene of the offense at the time it was committed, and that is the burden that is upon the defendant when he relies upon the defense of alibi." The foregoing is the only reference to the subject of alibi contained in the record. It will be observed that the court very distinctly informed the jury that

the burden was upon the defendant to satisfy them to a moral and reasonable certainty that it was impossible for the accused to have been present at the scene of the offense at the time it was committed. This made it obligatory upon the judge to instruct the jury at the same time that, while the evidence might not be sufficient to satisfy the jury to a moral and reasonable certainty that it was impossible for the defendant to have been at the scene of the homicide when it was committed, nevertheless if the evidence of alibi, considered in connection with all of the testimony in the case, was sufficient to raise a reasonable doubt as to the guilt of the accused, the defendant should nevertheless be acquitted, though he had failed to carry the specified burden imposed upon him in attempting to establish the alibi. Especially should this instruction have been given in connection with what the court had said upon this subject, in view of the fact that the court, after correctly stating, as above indicated, the burden resting upon the accused as to establishing his alibi, enforced and emphasized this feature of the ·law by repeating, "and that is the burden resting upon the defendant when he relies upon the defense of alibi." "Although the burden of establishing an alibi, as such, to the satisfaction of the jury, rested on the defendant, who set up alibi as a defense, and on that issue reasonable doubts would not avail him, yet, on the final issue of guilty or not guilty, all the evidence is for the consideration of the jury, and it is for them to say whether, from all of the evidence, the defendant is guilty beyond a reasonable doubt. And a charge which excluded all the evidence concerning the alibi from being weighed by the jury on the subject of reasonable doubts of defendant's guilt, on the issue of guilty or not guilty, was error." *Ledford* v. *State,* 75 *Ga.* 856 · (3).

In *Harrison* v. *State,* 83 *Ga.* 129 (9 S. E. 542), Mr. Chief Justice Bleckley, after quoting approvingly from 2 Thompson on Trials, § 2436, as follows: "But upon the most unshaken grounds this burden is sustained, and an adequate quantum of proof produced by the defendant, when he succeeds in raising a reasonable doubt in the minds of the jurors as to whether or not he was at the place of the crime when it was committed," said: "As well as we can formulate the rule prevailing in Georgia, we have done so in the third headnote to this opinion." The headnote referred to is as follows: "Touching alibi, the rule in Georgia as established

by authority consists of two branches. The first is, that, to overcome proof of guilt strong enough to exclude all reasonable doubt, the onus is on the accused to verify his alleged alibi, not beyond reasonable doubt, but to the reasonable satisfaction of the jury. The second is that, nevertheless, any evidence whatever of alibi is to be considered on the general case with the rest of the testimony, and if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence." In the case at bar, the failure of the judge to instruct the jury as to the second branch of the rule touching alibi tended to prevent the jury from considering the evidence offered in support of the defendant's alibi on the subject of reasonable doubt as to the defendant's guilt, when he was entitled to have all of the evidence weighed in the general consideration of his guilt or innocence. It was especially important that both branches of the subject of alibi should be charged in the case at bar, and that the jury should have been given more than the ordinary instruction in another portion of the charge that if they had reasonable doubt of the guilt of the accused it was their duty to acquit him, because in the instruction of which complaint is made the judge told the jury, "in this case the defendant enters his plea of not guilty; he contends he was not present, and pleads what is known in law as alibi," and further on said: "There is no claim here that there is any self-defense; the only defense made here is that the defendant was not there." Thus the defendant was restricted to his evidence as to alibi as the only means of contradicting and disproving evidence tending to show his guilt which might be adduced by the State. For this reason the failure to instruct the jury, as complained of, was material and harmful error, and requires the grant of a new trial. See *Landis* v. *State,* 70 *Ga.* 651 (48 Am. R. 588) ; *Simpson* v. *State,* 78 *Ga.* 91; *Raysor* v. *State,* 132 *Ga.* 237 (63 S. E. 786) ; *Moody* v. *State,* 17 *Ga. App.* 121 (86 S. E. 285) ; *Holland* v. *State,* 17 *Ga. App.* 311 (86 S. E. 739).

2. The second special ground of the motion for a new trial complains that the court permitted the sheriff to testify that another witness for the State (Top McConnell) told him about how the killing occurred: "He told me just how it happened." This testimony was objected to on the ground that it was an effort to bolster up the truth of that witness's evidence by sayings of the

witness, and because it was a self-serving statement of the witness who had been impeached. Since it appears from the note of the court that this evidence was admitted in support of testimony of the witness McConnell because the defendant had gone into the evidence of contradictory statements, the exception can not be treated as fully approved or as being meritorious.

3. The court charged the jury: "The defendant further contends that the party came to his death, not at the hands of anybody, but that he was killed by the railroad; his insistence being that he, the deceased, in a state of intoxication walked upon or got upon the railroad-tracks, and was run over and killed by the railroad. He insists upon that. Of course the burden is upon the State to prove the corpus delicti; that is, they must prove the crime, prove that the man was killed by somebody." It is insisted that the court erred in giving this instruction: (a) Because there was no evidence in the record even tending to show that the deceased was intoxicated, or that he was killed by a passing train. (b) Because the charge called attention of the jury to a defense wholly unsupported, and tended to impress on the minds of the jurors that movant was depending upon a false plea. (c) Because said charge was error, inasmuch as there is nothing in the evidence showing that movant depended upon the plea that the deceased was killed by the railroad, thus forcing upon movant a defense he did not make, which biased the minds of the jurors against him. Without holding that error can not be assigned upon an instruction when there is no evidence upon which the charge of the court can be predicated (for it is error to charge the jury upon any theory of law which is entirely unsupported by evidence), we must assume from the language of the instruction of which complaint is made that counsel for the plaintiff in error in his argument insisted that the deceased was killed while in a state of intoxication by being run over by a train. In these circumstances the principle stated in the third headnote requires no further elaboration.

4. The fourth ground of the motion for a new trial consists of two parts, the first complaining that the witnesses for the State who testified against the movant at the trial had been under duress; and the second, that all of the evidence against movant, considered together with the evidence in his favor, "shows that movant's conviction is not based upon that character of proof required to

legally establish guilt of the crime of murder." Thus it appears that this ground is addressed solely to the sufficiency of the evidence. As the case goes back for another trial for the reasons stated in the first division of this opinion, the court will make no ruling upon the sufficiency of the evidence at this time. And what has just been said equally applies to the general grounds of the original motion, as relating to the sufficiency of the evidence.

*Judgment reversed. All the Justices concur, except*

BECK, P. J., and HILL, J., dissenting. We dissent from the judgment reversing the judgment of the court below. In the absence of a written request, the charge of the court on the subject of alibi was sufficient. We do not think the cases cited in the majority opinion hold that it was necessary for the judge to charge, in the absence of a written request, as the plaintiff in error here insists.