### STONE *v.* THE STATE.

ATKINSON, Justice. 1. Even if the testimony of the civil engineer as to the distance between named po'nts, introduced by the defendant in support of an alibi sought to be established by him, could be considered as expert evidence, the omission to charge the law in regard to expert testimony as set forth in the Penal Code of 1910, § 1048 (Code of 1933, § 38-1710), declaring that "The opinions of experts, on any question of science, skill, trade, or like questions, shall always be admissible; and such opinions may be given on the facts as proved by other witnesses," was not, as contended, an expression of opinion as to credibility of the witness and weight of the testimony; nor was it erroneous to omit to charge on that subject without request. See *Murphy* v. *State*, 118 *Ga.* 780 (45 S. E. 609); *Young* v. *State*, 125 *Ga.* 584 (54 S. E. 82); *Campbell* v. *State*, 123 *Ga.* 533 (7) (51 S. E. 644); *Steed* v. *State*, 123 *Ga.* 569 (51 S. E. 627); *Baker* v. *State*, 121 *Ga.* 189 (48 S. E. 967).

2. Other grounds of the motion for new trial are merely elaborative of the general grounds and do not require separate rulings. The evidence was sufficient to support the verdict, and no ground of the motion shows cause for reversal. *Canida* v. *State*, 130 *Ga.* 15 (2) (60 S. E. 104).

*Judgment affirmed. All the Justices concur.*

No. 10200. FEBRUARY 12, 1935.

*Venable & Jennings, John I. Kelley,* and *Lewis A. Burton,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson, B. D. Murphy,* and *J. T. Goree,* contra.