### 32002. WILKERSON *v.* THE STATE.

TOWNSEND, J. ■ Touching alibi, the rule in this State consists of two branches, viz: "The first is, that to overcome proof of guilt strong enough to exclude all reasonable doubt, the onus is on the accused to verify his alleged alibi, not beyond reasonable doubt, but to the reasonable satisfaction of the jury. The second is that, nevertheless, any evidence whatever of alibi is to be considered on the general case with the rest of the testimony, and if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be given in favor of innocence." *Harrison* v. *State,* 83 *Ga.* 129 (3) (9 S. E. 542).

2. The failure of the court to charge the jury upon the second branch of the rule of alibi, on the trial of a case where a charge on the defense of alibi is required, is such error as requires the grant of a new trial. See *Ledford* v. *State,* 75 *Ga.* 856; *Harrison* v. *State,* 83 *Ga.* 129 (9 S. E. 542); *Callahan* v. *State,* 14 *Ga. App.* 442 (81 S. E. 380); *Raysor* v. *State,* 132 *Ga.* 237 (63 S. E. 786); *Moody* v. *State,* 17 *Ga. App.* 121 (86 S. E. 285).

3. Since the case is reversed on a special assignment of error contained in the amended motion for a new trial, the same is not considered on the general grounds.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*

DECIDED MAY 6, 1948.

*C. L. Cowart,* for plaintiff in error.

*R. L. Dawson, Solicitor-General,* contra.