## 32110. KING *v.* THE STATE.

Decided July 16, 1948. Rehearing denied July 28, 1948.

*James R. Venable, Frank A. Bowers, H. C. Morgan,* for plaintiff in error.

*Paul Webb, Solicitor-General, William Hall, James W. Dorsey,* contra.

MacIntyre, P. J. ▉ There was no request to charge and the court charged: "Ordinarily, gentlemen, the testimony of a single witness is sufficient to establish a fact. There is a difference in a case where the only witness is an accomplice, and you would not be authorized to convict on the testimony of an accomplice unless that testimony is corroborated by other facts or circumstances tending to connect the defendant with the crime as charged."

"Since the decision of this court in *Childers* v. *State,* 52 *Ga.* 106, the rule has been well settled that, in a case of felony, there can be no conviction upon the testimony of an accomplice, unless the same is corroborated by other evidence connecting the accused on trial with the perpetration of the crime, and tending to show his participation therein." *McCrory* v. *State,* 101 *Ga.* 779, 780 (28 S. E. 921). This rule has been repeatedly stated and applied by the Supreme Court and was recognized in the recent case of *Lanier* v. *State,* 187 *Ga.* 534, 540 (1 S. E. 2d, 405), wherein the court stated that the *Childers* case "has been followed without exception by this court in many full-bench decisions."

The exceptions to the excerpt from the charge quoted in this division of. the opinion are without merit.

2. The defendant excepts to the charge of the court that: "Voluntary drunkenness is no excuse for crime in Georgia."

C. P. Tarver testified: "This fellow [J. C. Graham] appeared to be drinking." J. C. Graham testified: "We [referring to the accused, one of the alleged associates in the robbery] were sipping some on the night we went out to this station. We had had a lot of stuff because we were all pretty tight." The accused stated to the jury: "I did have a drink with him [J. C. Graham] one evening; I don't know whether it was the evening that robbery occurred or not."

" 'To justify a charge on a given subject, it is not necessary [that] there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it.' " *Swain* v. *State,* 74 *Ga. App.* 391, 392 (39 S. E. 2d, 727).

The exception to the charge of the court set out in this division of the opinion is not meritorious.

■ There was no evidence to establish an alibi and the defense of alibi was based solely on the defendant's statement. In this situation the court did not err, in the absence of a request for fuller instructions on the subject, in restricting the charge to the jury on that defense to the definition of an alibi as laid down in Code § 38-122. It was said in *Bass* v. *State,* 1 *Ga. App.* 728, 729 (4) (57 S. E. 1054), that: "When the court had fairly and correctly charged the doctrine of reasonable doubt as applicable to all the evidence in the case and the statement of the defendant, there was no error in failing to charge the special proposition that if the evidence offered in support of the defense of alibi, even though insufficient to establish that as a substantive defense, yet, when taken in connection with all the other evidence in the case, raised a reasonable doubt of guilt, the jury should acquit. Especially is this true where no request was made to the court to so instruct the jury." This language is applicable to the charge in the instant case.

The charge in the instant case complies with the rule laid down in *Shaw* v. *State,* 102 *Ga.* 660 (3), 665 (29 S. E. 477), *Chambers* v. *State,* 68 *Ga. App.* 338 (3) (23 S. E. 2d, 545), and *Bass*

v. *State,* supra; and it does not violate the rule laid down in *Harrison* v. *State,* 83 *Ga.* 129 (3) (9 S. E. 542), upon which *Wilkerson* v. *State,* 77 *Ga. App.* 55 (47 S. E. 2d, 816), is based.

■ J. C. Graham, an accomplice of the defendant in the robbery here charged, testified that the robbery was committed by himself, the defendant and their associates. This testimony was corroborated by Sylvester Atcheson who was present at the robbery and who positively identified the accused as one of the robbers. C. P. Tarver, who was also present at the time of the robbery, testified that the accused resembled one of the robbers, but he was not positive in his identification.

Thus the testimony of the accomplice was corroborated by such other testimony, and the evidence authorized the jury to find the defendant guilty of robbery as charged.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*