DAVIS *v.* THE STATE.

No. 16645.   MAY 10, 1949.

250

P. Z. Geer and *Walter I. Geer,* for plaintiff in error.

*Eugene Cook, Attorney-General, R. A. Patterson, Solicitor-General, J. R. Parham, Assistant Attorney-General, Miller & Head,* and *Louis D. Yancey Jr.,* contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) ■ The first special ground of the motion excepts to the charge on justifiable homicide on the ground that there was no evidence to warrant it, and that the sole defense offered was that of alibi, and that such charge was prejudicial to the accused, in that it caused the jury to think that they would have to find justification in order to acquit the accused. Although there was no evidence of justification, and, hence, it was a technical error to charge the law of justifiable homicide, it was not reversible error, since it has been held many times by this court that error not injurious to the movant is not ground for reversal, and that a charge which gives the accused the benefit of a defense to which he is not entitled is not injurious to him. *Geer* v. *State,* 184 *Ga.* 805 (193 S. E. 776); *Walton* v. *State,* 190 *Ga.* 746 (10 S. E. 2d, 755); *Jones* v. *State,* 197 *Ga.* 604 (30 S. E. 2d, 192). There is nothing ruled to the contrary in *Wafford* v. *State,* 163 *Ga.* 304 (136 S. E. 49), *Davis* v. *State,* 190 *Ga.* 100 (8 S. E. 2d, 394), and *Strickland* v. *State,* 8 *Ga. App.* 421 (69 S. E. 313), which are relied upon in support of this ground. In *Wafford* v. *State,* supra, the decision is by four Justices only, and it holds that it is error to charge as to the burden of proof resting upon the accused to show an alibi and fail to add to such charge that, when the evidence relating to alibi is insufficient to show alibi

under the rule, it may nevertheless be considered by the jury on the main issue as to whether or not there is a reasonable doubt of the guilt of the accused. In *Davis* v. *State*, supra, there is simply a recognition of the general rule that it is error to charge on an issue which is unsupported by evidence. We reassert that rule here, but such an error to constitute ground for reversal must be one that is injurious to the movant. There is no merit in this ground.

■ Special ground 2 complains because the court failed to charge on the weight to be given testimony of an expert witness. It is contended by counsel that such failure in the instant case was injurious to the accused, because the State used Dr. Rentz as an expert to prove that the deceased was in such a state of shock that he was incapable of knowing what he said, and that this testimony tended to discredit the testimony of the policeman Williams that the deceased repeatedly replied to his question as to who shot him by saying "Kat." Counsel rely for support of this ground upon *Manley* v. *State*, 166 *Ga.* 563 (19) (144 S. E. 170), *Carroll* v. *Hartford Accident & Indemnity Co.*, 73 *Ga. App.* 799, 802 (1) (38 S. E. 2d, 185), and *Western & Atlantic R.* v. *Gardner*, 74 *Ga. App.* 599, 604 (40 S. E. 2d, 672). The decisions cited do not sustain the contention made. If it be conceded that the evidence would have authorized the charge contended for, it must be admitted that, in the absence of a timely request, the court was not required as a matter of law to so charge. *City of Atlanta* v. *Champe*, 66 *Ga.* 659 (3); *Stone* v. *State*, 180 *Ga.* 223 (1) (178 S. E. 435). There is no merit in this ground.

■ Special ground 3 complains of the failure to charge without request on the defense of alibi. It is contended that the failure to so charge deprived the accused of the benefit of the only defense offered upon the trial. It is conceded in this ground that there is no evidence to show an alibi, and that alibi is shown only by the statement of the accused upon the trial. Counsel recognize the general rule that, in order to require a charge upon a defense made only by the statement of the accused, there must be a timely written request therefor (see *Hardin* v. *State*, 107 *Ga.* 718, 33 S. E. 700; *Jackson* v. *State*, 192 *Ga.* 373, 15 S. E. 2d, 484); but insist that the facts of the present case make it an exception to this general rule. It is

pointed out that elsewhere in the charge the court instructed the jury as follows: "The State of Georgia in this case contends that the defendant is guilty of the offense of murder, whereas the defendant pleads not guilty and contends that he did not kill the deceased, was not there, knew nothing about it." Counsel insist that, since the court charged as just quoted, it thereby charged upon the statement of the accused and upon the subject of alibi; and that after doing so the law would require that a full and complete charge on the issue be given. In support of this contention counsel cite *Ragland* v. *State,* 111 *Ga.* 211 (1) (36 S. E. 682); *Wafford* v. *State,* supra; *Moody* v. *State,* 17 *Ga. App.* 121 (86 S. E. 285); *Hart* v. *State,* 28 *Ga. App.* 258 (110 S. E. 745). *Ragland* v. *State,* supra, stated the general rule that a defense made only by the statement of the accused does not require a charge thereon in the absence of a timely request, but it is there added that, when a given charge is directed to a theory raised by the defendant's statement, it should fully and distinctly cover the theory so raised. The opinion shows that what is meant is that when, as there, the court charges on manslaughter and alludes to a portion of the statement of the accused, it is error to leave out material portions of the statement in instructing the jury as to the law with respect to the evidence on that subject. In *Wafford* v. *State,* supra, it was merely ruled, as pointed out above, that, when the court has instructed the jury as to the burden of the accused to prove alibi, it should go further and instruct them that, if the evidence is insufficient to show alibi, it should be considered on the main issue of guilt or innocence. The two Court of Appeals decisions are to the same effect. The facts here do not take this case out of the general rule. The court did not undertake to charge on the law of alibi or as to the burden of proof on that subject. It is not insisted that the court incorrectly stated the contentions of the State and of the accused. This ground is without merit. *Robinson* v. *State,* 114 *Ga.* 56 (4) (39 S. E. 862); *Jackson* v. *State,* 118 *Ga.* 780 (45 S. E. 604); *Jackson* v. *State,* 172 *Ga.* 575 (158 S. E. 289).

■ Special grounds 4 and 5 except to an excerpt of the charge which was to the effect that, when evidence of a dying declaration is introduced by the State, it is permissible for the defendant to disprove, contradict, discredit, or impeach such declaration,

and that it may be shown by proof that the declarant made contradictory statements or that because of his bad character he is unworthy of belief, the grounds of the complaint here being that the charge was unauthorized by any evidence, that it was harmful to the accused, in that the State had proved no such declaration, but, on the contrary, the accused, by cross-examination of the State's witness, brought out evidence that the deceased did make a declaration, in which he said that his wife shot him, that the State sought to discredit such declaration by testimony of the same witness and the testimony of Dr. Rentz, and that there was no evidence of contradictory statements or of bad character of the declarant, and that the charge minimized and neutralized the benefit to the defendant of the proved declaration of the deceased. It is contended that the movant's position is sustained by *Wafford* v. *State,* supra, *Davis* v. *State,* supra, and *Strickland* v. *State,* supra. Admittedly the charge is somewhat awkward as applied to the evidence in the case. It states a sound rule of law. The declaration was favorable to the accused, but was proved by the State's witness on cross-examination, and the State's other evidence tended to discredit it. The charge correctly stated the methods by which the accused might discredit a declaration that was hurtful to himself. It is difficult to see how this could have injured the accused. If the declaration is not discredited in the manner pointed out, then it could be given full weight. The declaration here involved is one favorable to the accused, and in the absence of its being discredited, in so far as the charge is concerned the jury would understand that they were authorized to give it full weight. As pointed out in the ground, the State introduced evidence which was sufficient to authorize the jury to completely discredit the proved declaration of the deceased. We find no law which would warrant a reversal on this ground. See *Redd* v. *State,* 99 *Ga.* 210 (25 S. E. 268) ; *Williams* v. *State,* 148 *Ga.* 483 (97 S. E. 77).

■ Special ground 6 excepts to an excerpt of the charge of the court which instructed the jury that they must consider all the evidence and facts, including the defendant's statement, in arriving at the true facts in the case. It is insisted that the charge illegally deprived the jury of its right to believe any

part of the evidence or the defendant's statement and to disbelieve any part thereof. It is not contended, nor indeed could it be so contended under our law, that the jury may arbitrarily disregard and refuse to consider any part of the evidence or the defendant's statement. The charge simply enjoined upon the jury the duty the law imposed upon them to consider all of the evidence and the defendant's statement. Having so considered it, they, being the sole judges of the credibility of the witnesses (Code, §§ 38-1805, 38-1806; *Elliott* v. *State,* 190 *Ga.* 803, 10 S. E. 2d, 843; *Hall* v. *Turner,* 198 *Ga.* 763, 772, 32 S. E. 2d, 829), may then decide what witnesses and what evidence or what portion of the statement of the accused they will believe or disbelieve. There is no merit in this ground. Code, § 38-415.

■ It is not denied that the State, by introducing the testimony of Katherine Whitfield, together with the other circumstances, including the identification of the hat found at the scene of the crime as that of the accused, and proof that the accused purchased a pistol about three months previously, introduced evidence sufficient to warrant the verdict of guilty. It is true that the State's witness, Katherine Whitfield, admitted while on the witness stand that she had made previous statements in which she disclaimed knowledge as to the guilt of the accused. This, together with the fact that she was jointly indicted for the murder and was the wife of the deceased, are all circumstances going to her credibility, of which the jury alone was the sole judge. See citations above. All these circumstances combined do not as a matter of law nullify her testimony, and when her credibility is, as was done here, established by the verdict of the jury, it is legal evidence and is sufficient in law to support the verdict of guilty. The general grounds of the motion are without merit. It follows that the court did not err in overruling the amended motion for new trial.

*Judgment affirmed. All the Justices concur, except Head, J., who dissents.*