32457. WOOD *v.* THE STATE.

Gardner, J. 1. (*a*) While the evidence is sharply conflicting in many particulars, it fully authorizes the verdict of guilty of assault with intent to murder. The evidence reveals that the defendant shot at the prosecutor three times with a pistol, and hit him twice. The jury fixed the punishment at not less than one nor more than four years, with a recommendation of a misdemeanor punishment. The court refused to follow the recommendation. Since there was sufficient evidence to sustain the verdict, this court is without authority to set it aside, so far as the general grounds are concerned.

(*b*) Special ground 1 assigns error because the court refused, upon cross-examination of the prosecutor by counsel for the defendant, to permit the prosecutor to answer the following question: "Don't you know you have the record at Hogansville of cutting fifteen boys?" The court did not err in so doing. This was an improper way to investigate the character or record of any witness. If the judge had permitted this question to be answered in the way propounded, it is quite clear that he would then have been involved in the trial of these fifteen other transactions. We think this needs no further discussion. Counsel for

the defendant cite us no authority to the contrary. It is true that our attention is called to *Weaver* v. *State,* 200 *Ga.* 598, 605 (37 S. E. 2d, 802). That decision is no authority for the contention of the defendant here on the point before us. That decision goes to the principle of law that, where the prosecutor has first been proven to be the aggressor, then such prosecutor's general reputation for peacefulness and violence may be a proper subject-matter for investigation. But this sort of procedure cannot be originated by specific acts.

(c) Special grounds 2, 3, and 4 assign error upon certain excerpts from the testimony of the justice of the peace who presided at the hearing. It may perhaps be true that some portions of the testimony of the magistrate were improperly admitted. But, on the other hand, certain other portions of it contained in these grounds were admissible, under the record of this case. These assignments of error are too general to present any question for decision here. It further appears from the record that the objection to the evidence admitted is "illegal, immaterial, irrelevant, prejudicial, inadmissible, and a conclusion," without showing wherein such evidence was so characterized. See, in this connection, *Deen* v. *Baxley State Bank,* 62 *Ga. App.* 536 (8 S. E. 2d, 689); *Crosby* v. *State,* 43 *Ga. App.* 220 (158 S. E. 633).

(d) Special ground 5 assigns error because the court overruled a motion for a mistrial at the conclusion of the testimony of the committal magistrate above referred to. It is contended that the testimony of the magistrate was prejudicial and deprived the defendant of a fair trial, and that the overruling of the motion for mistrial was "grievous error and hurtful to this defendant." The court did not err in overruling this motion for a mistrial.

There being evidence to sustain the verdict, and the special grounds being without merit, the court did not err in overruling the motion for a new trial. *Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED MAY 12, 1949.

*Raymond W. Martin,* for plaintiff in error.
*Wright Lipford,* contra.