## 35507. SWAIN *v.* THE STATE.

DECIDED JANUARY 28, 1955—REHEARING DENIED FEBRUARY 18, 1955.

*J. Ellis Pope, Jackson & Graham,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.

TOWNSEND, J. ■ Special grounds 1 and 3 of the amended motion for a new trial complain of the failure of the trial court to charge in specified particulars as to circumstantial evidence. The State having introduced proof of an inculpatory statement on the part of the defendant, from which it appeared that he had shot the victim, the evidence against him was not wholly circumstantial; and therefore, in the absence of a request, it was not error to fail to charge on circumstantial evidence, as set out in these special grounds. *Strickland* v. *State,* 167 *Ga.* 452 (1) (145 S. E. 879) ; *Bowen* v. *State,* 181 *Ga.* 427 (182 S. E. 510).

■ Special ground 2 assigns error because the trial court failed, without a request, to charge that, whether dependent on positive or circumstantial evidence, the true question in criminal cases is, not whether it be possible that the conclusion at which the evidence points may be false, but whether there is sufficient evidence to satisfy the mind and conscience beyond a reasonable doubt. In ground 4 the complaint is that it was error to fail to charge, without request, that the defendant is presumed innocent until the jury is satisfied beyond a reasonable doubt as to his guilt, and that the burden of producing such evidence is upon the State. The court did charge: "If the jury should not believe the defendant guilty of the offense of an assault with intent to murder, or should entertain a reasonable doubt as to guilt of that offense, the jury should acquit," and "Should you entertain a reasonable doubt as to his guilt of any or all of the offenses that I have undertaken to explain to you, you should give him the benefit of the doubt and acquit him, and in that event the form of the verdict should be, 'We, the jury, find the defendant not guilty.' " He also charged: "The defendant is presumed in law to be innocent of those charges, until and unless the evidence satisfies your minds beyond a reasonable doubt as to guilt. The burden of producing such evidence is upon the State." These charges substantially met the complaints made and, had further instructions been desired, they should have been requested. *Hayes* v. *State,* 18 *Ga. App.* 68 (4) (88 S. E. 752) ; *Mapp* v. *State,*

26 *Ga. App.* 479 (4) (106 S. E. 801) ; *Sims* v. *State,* 203 *Ga.* 668 (1) (47 S. E. 2d 862).

3. Error is assigned in special ground 5 on the failure of the court to charge Code § 38-420 relative to admissions and confessions. Admissions and confessions need not be specially referred to in the absence of a request. *Cantrell* v. *State,* 141 *Ga.* 98 (2) (80 S. E. 649) ; *Williams* v. *State,* 210 *Ga.* 207, 209 (78 S. E. 2d 521). There is no merit in this ground.

■ Special grounds 6, 7, and 8 of the amended motion for a new trial complain that the verdicts are inconsistent. With this we agree. Count 1 charges the offense of assault with intent to murder. Such intention is an essential ingredient of this crime. *Howard* v. *State,* 2 *Ga. App.* 830 (2) (59 S. E. 89). Count 2 charges the defendant with the offense of mayhem for having "unlawfully and with intent to maim J. W. Beasley, voluntarily, maliciously, and of purpose put out both eyes of the said J. W. Beasley by shooting." The intent to maim is an essential ingredient of this offense. Code §§ 26-1202, 26-1205. The intent to murder is incompatible with the intent only to maim, and the jury, having convicted the defendant of having that intent, could not impute to him under the same evidence the intent only to maim.

The offenses of assault with intent to murder and mayhem are separate crimes and not, as contended, separate degrees of the same offense, since in each the evidence necessary to convict under one indictment would not be sufficient to convict under the other without proof of an additional fact which is necessary to constitute the offense. *McIntosh* v. *State,* 116 *Ga.* 543, 544 (42 S. E. 793) ; *Loomis* v. *State,* 78 *Ga. App.* 153, 157 (51 S. E. 2d 13). Had the defendant been separately indicted and convicted of assault with intent to murder under the evidence in this record, he could not subsequently have been convicted of mayhem under the same evidence, as only a single transaction was involved, and "he may . . . show that his acquittal [or conviction] on the first charge was necessarily controlled by the determination of some particular issue or issues of fact which would preclude his conviction of the second charge." *Harris* v. *State,* 193 *Ga.* 109 (1) (17 S. E. 2d 573, 147 A. L. R. 980). Where, on the other hand, separate offenses arising out of a single transaction are in-

cluded as separate counts of an indictment, and the evidence necessary to convict on one of the counts precludes a finding of guilt on the other, the verdict is repugnant. An example of such a situation is found in Commonwealth v. Haskins, 128 Mass. 60, cited in *Kuck* v. *State,* 149 *Ga.* 191 (99 S. E. 622), in support of the opinion in the latter case, to the effect that a verdict rendered upon two counts of an indictment which, under the evidence, is inconsistent, is void for repugnancy.

There is, however, no assignment of error on the ground that the verdict here is void for repugnancy, and for that reason this court would not be authorized to reverse this case on that account. Code § 6-1607; *Morrison* v. *Brown,* 21 *Ga. App.* 217 (94 S. E. 85). The evidence is sufficient to support the verdict of guilty of assault with intent to murder, for which reason the general grounds of the motion for a new trial are without merit.

However, it is contended in special grounds 6, 7, and 8 that the verdicts are inconsistent in such manner that the verdict of guilty of a felony precluded a verdict of guilty of a misdemeanor in such manner that, after the jury had rendered a verdict of guilty of a felony under count 1, it was unauthorized to further find him guilty of a misdemeanor under count 2. There being no special assignment of error complaining that the verdict, as a whole, is void for repugnancy, and since this question must be raised by a special assignment of error as it cannot be raised under the general grounds—the judgment of the trial court denying the motion for a new trial must be and is affirmed as to count 1, and reversed as to count 2.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*