*Claude R. Caldwell,* contra.

35703. HILLIARD *v.* THE STATE.

CARLISLE, J. 1. One who knowingly sends or delivers a letter or writing to another with intent to extort money or other thing of value from such person by threatening to murder him or any of his family is guilty of a violation of Code § 26-1802. *Gatlin* v. *State,* 18 *Ga. App.* 9 (89 S. E. 345); *Hall* v. *State,* 47 *Ga. App.* 833 (171 S. E. 727).

2. The gist of the offense prohibited by Code § 26-1802 is the *communication* of the threat of harm to another for the purpose of extorting money or other thing of value; that is to say, to warrant a conviction of one charged with this offense, it must be shown that he knowingly *sent or delivered* the threatening letter or writing to the person threatened, or to the person whose family is threatened, for the purpose of extorting money or other thing of value.

3. The corpus delicti of a crime, as well as one's connection with the commission of such crime, may be shown by circumstantial evidence; and, if such evidence be sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused, such evidence will warrant his conviction of such crime. Code § 38-109; *Miles* v. *State,* 129 *Ga.* 589 (2) (59 S. E. 274).

4. Under an application of the foregoing rules of law to the facts of this case, the evidence, although in part circumstantial, was sufficient to authorize the verdict finding the defendant guilty of violating Code § 26-1802. The jury was authorized to find that the prosecutor, on the morning of August 30, 1954, found under the door to his home a letter, which had been left there at some time during the preceding night, and in which the author of the letter threatened to kill the prosecutor, his wife, and one of his sons if the prosecutor did not, on a named date and by a named hour, place a specified sum of money at a designated spot a short distance from the prosecutor's home. The jury was authorized to find that the defendant was unquestionably the author of the letter, that he lived on the prosecutor's farm, a short distance from the prosecutor's home, that he had an opportunity to deliver the letter, that shortly after the time designated for the delivery of the money, the defendant passed back and forth four times in his automobile by the spot at which the money had been ordered delivered, and that, since there was no intimation that anyone other than the author of the letter had had possession of it prior to its delivery at the home of the prosecutor, the defendant, who wrote the letter, delivered it.

5. Where, upon the trial of such a case as indicated above, a handwriting expert of admitted qualifications has been called as a witness for the

State to establish the authorship of the threatening letter, which bore no signature and which the defendant denies having written, and such witness has, by comparing the penmanship of the author of the letter with the penmanship of the defendant, reached the conclusion and is of the opinion that the defendant is the author of the letter—such witness, in the discretion of the trial court, may, by means of crayon drawings of letters or words appearing in the two writings, illustrate her testimony on large pieces of cardboard to demonstrate to the jury the similarities between the two writings and the reasons for her opinion that the author of the one is also the author of the other. Wolf *v.* Peoples Bank, 255 Ill. App. 127; State *v.* Ryno, 68 Kan. 348 (74 Pac. 1114, 64 L. R. A. 303); McKay *v.* Lasher, 121 N. Y. 477 (24 N. E. 711).

6. The trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate court unless it appear that there has been a manifest abuse of such discretion and that a mistrial is essential to the preservation of the right of fair trial. *United Motor Freight Terminal* v. *Hixon,* 78 *Ga. App.* 638 (51 S. E. 2d 679), and citations. The trial court does not, in such a case as indicated in the foregoing divisions, abuse its discretion in denying a motion for mistrial, based on the grounds that the handwriting expert should not have been permitted to give to the jury an extended account of her reasons for believing that the defendant was the author of the threatening letter; that she should not have been allowed to argue the case to the jury; that she should not have been allowed to distribute to the jurors photographic enlargements of the letter known to have been written by the defendant and the threatening letter before they had been formally introduced in evidence, even though they had been identified; and that she should not have been allowed to distribute to the jurors magnifying glasses with which to view the various documents before the jury. The very nature of the handwriting expert's testimony required that she be allowed to give an account, extended though it was, of her reasons for reaching the conclusion that the defendant was the author of the threatening letter. Her opinion, unexplained, might have little value. If her reasoning was unsound, this could have been brought out on cross-examination, and the jury then could have determined the soundness of the witness's reasons and the correctness of her conclusion. State *v.* Ryno, supra. In stating and illustrating the reasons for her conclusion, the witness was not arguing the case. That the witness distributed the photographic enlargements to the jury before they were formally introduced in evidence did not deprive the defendant of a fair trial, as these documents were later introduced in evidence formally without objection to their admission. To object to the use of magnifying glasses by the jurors would be comparable to an objection that some of the jurors wore glasses. Adams *v.* Ristine, 138 Va. 273 (122 S. E. 126); Hancock *v.* Snider, 101 W. Va. 535 (133 S. E. 131).

7. Where, in such a case as indicated above, the defendant's sole defense, under his plea of not guilty, is that he is not the author of the threatening letter and the testimony of the handwriting expert is the only evidence directly connecting the defendant with the commission of the crime charged, it is not erroneous, in the absence of a timely written request so to do, for the trial court to omit to charge the jury: "The opinions of

experts, on any question of science, skill, trade, or like questions, shall always be admissible; and such opinion may be given on the facts as proved by other witnesses. The opinion of an expert witness is not conclusive upon the jury. Such testimony is intended to aid them in coming to a correct conclusion upon the subject; but the jury is not bound by such opinion, and can disregard it. The jury may deal with such testimony as they see fit, giving credence to it or not." See *Stone* v. *State*, 180 *Ga.* 223 (178 S. E. 435); *Murphy* v. *State*, 118 *Ga.* 780 (45 S. E. 609); *Young* v. *State*, 125 *Ga.* 584 (54 S. E. 82); *Campbell* v. *State*, 123 *Ga.* 533 (51 S. E. 644); *Steed* v. *State*, 123 *Ga.* 569 (51 S. E. 627); *Baker* v. *State*, 121 *Ga.* 189 (48 S. E. 967).

8. Consequent upon what has been held in the foregoing divisions of the opinion, the trial court did not err in denying the motion for a new trial, based on the general grounds and three special grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided June 24, 1955.

*Sam P. Burtz,* for plaintiff in error.

*H. G. Vandiviere, Solicitor-General, Wood & Tallant, H. L. Buffington, Jr.,* contra.