### 35913. KNIGHT et al. v. THE STATE.

TOWNSEND, J. 1. It is error for the trial court—in charging on the subject of alibi and in giving to the jury the rule of law that alibi is a defense which must be established to the reasonable satisfaction of the jury and must be such as to reasonably exclude the possibility of the defendant's presence at the scene of the offense at the time of its commission—to fail also to instruct the jury in substance that evidence to establish alibi should be considered with the other evidence in the case, and that, if so considered, the jury has a reasonable doubt as to the defendant's guilt they should acquit. *Ledford* v. *State,* 75 *Ga.* 856; *Harrison* v. *State,* 83 *Ga.* 129 (9 S. E. 542); *Wilkerson* v. *State,* 77 *Ga. App.* 55 (47 S. E. 2d 816). Nothing to the contrary is stated in *Mitchell*

■

v. *State*, 37 *Ga. App.* 55 (138 S. E. 525), where it was held that this rule was substantially complied with. The only charge on reasonable doubt given by the court here, as follows: "If you have a reasonable doubt as to the guilt of both of them, or either of them, it is equally your duty to give them the benefit of that doubt and acquit," was given in anoher portion of the charge and was not a substantial compliance with this rule.

2. Error is also assigned on the charge: "A witness may also be impeached as to his general bad character. You determine those things, gentlemen, from the evidence of this case and see what has been done along that line," on the ground that the court failed in connection therewith to charge that, if so impeached "the jury might disregard his testimony unless he was sustained by proof of good character or independent corroboration of his testimony." A charge on sustaining the witness by proof of good character should not be given where, as here, there is (at least so far as appears from the assignment of error) no testimony in the record to this effect. *Hart* v. *State*, 93 *Ga.* 160 (20 S. E. 39). It is better practice to charge, as the court did here in regard to impeachment by contradictory statements, that where the witness is successfully impeached the statement should be disregarded "unless corroborated by other credible testimony." See in this regard *Williams* v. *State*, 25 *Ga. App.* 193 (1) (102 S. E. 875).

3. The matters complained of in the remaining assignments of error are not likely to recur, and the general grounds of the motions for new trial are not passed upon as these cases are to be tried again.

The trial court erred in overruling the motions for new trial for the reason set out in the first division hereof.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED OCTOBER 14, 1955.

*Price, Spivey & Carlton,* for plaintiffs in error.
*Walton Usher, Solicitor-General,* contra.