In Re Rumley's Estate

Hillman *v.* Clayton, et al.

No. 40916          November 17, 1958          106 So. 2d 678

*Snow, Covington & Shows,* Meridian, for appellant.

*Ethridge, Minniece & Bourdeaux,* Meridian, for appellees.

ETHRIDGE, J.

This is a contest over the authenticity of a holographic will. Mrs. Emma C. Rumley died at her home in Meridian on April 18, 1957. Her husband had predeceased her and they had no children. Her heirs were two sisters and a brother, the parties to this litigation.

After Mrs. Rumley's death, appellant, Mrs. Lena Hillman, allegedly found on the deceased's desk a will written cross-wise on a small, ruled sheet of notebook paper, as follows:

> "To Lena
>   Mrs. H Hillman
>   I leave my house etc on 2 lots
>             Emma C Rumley
>
>         4/17/57"

This instrument was dated the day before the death of Mrs. Rumley. Appellant, Hillman, filed her petition for probate of it. Her brother and sister, appellees, filed a caveat contesting the petition, asserting that this handwritten document was not written by their sister, Mrs. Rumley.

The chancery court empaneled a jury to try the issue. Miss. Code 1942, Sec. 503. It found "against the will," and the final decree denied probate. The issue tried was whether the instrument was in the handwriting of Mrs. Rumley. For proponent, several friends and neighbors and an officer of the bank where deceased had a checking account testified that in their opinions the instrument was written by Mrs. Rumley. On the other hand, for contestants a handwriting expert testified at considerable length concerning the characteristics of the writing in the document, compared that handwriting with the characteristics of other standard and recognized writings of deceased, and concluded with his opinion as to why he did not think Mrs. Rumley wrote it. This controversy presented a direct conflict on the facts for determination by the jury. It found against proponent, and there is ample evidence to warrant that conclusion. The chancellor's decree upheld the jury's verdict. We would not be justified in disturbing it.

A handwriting expert as a witness may properly be asked to compare standard and genuine writings of a deceased with a disputed writing or signature of such party, and may state his opinion whether both were written by the same person, along with the reasons for such opinion. Of course, the value of the opinion of experts on handwriting depends largely upon the grounds upon which they base their opinions. The reasons for such opinion are submitted to the jury along with the other evidence, for its own determination. 20 Am. Jur., Evidence, Secs. 840, 842, 843. The probative force of the evidence is a question for the jury or other trier of fact. 32 C. J. S., Evidence, Secs. 611-622. These principles are in accord with the long-established rule in Mississippi and with the authorities in general. Moye v. Herndon, 30 Miss. 110 (1855); Wilson v. Beauchamp, 50 Miss. 24 (1874); Garvin v. State, 52 Miss. 207 (1876); Coleman v. Adair, 75 Miss. 660, 23 So. 369 (1898); Roy

v. First National of Aberdeen, 33 So. 494, (Miss. 1903);
Harrison v. Eagle Lumber and Supply Co., 152 Miss.
466, 119 So. 203 (1928). See also Hilliard v. State, 92
Ga. App. 294, 88 S. E. 2d 425 (1955).

■■ ■ Appellant complains of the granting to appel-
lees of the following instruction: "The court instructs
the jury for the contestants, Miss Gladys Clayton and
James Clayton, that the burden is upon the proponents
of the will to show by the preponderance of the evidence
that the alleged will was wholly written and signed by
Mrs. Emma C. Rumley and if, upon the consideration of
all the evidence in this case, you find that this burden has
not been met and that it is uncertain and doubtful in
your minds, whether the said Mrs. Emma C. Rumley did
wholly write and sign the instrument in question, then it
is your sworn duty to find for the contestants and against
the will."

In Brown v. Walker, 11 So. 724, (Miss. 1892), the in-
struction in a will contest advised the jury that, if there
was a doubt left in its mind as to whether the instrument
was signed by deceased, it must find for contestant. This
was reversible error, since any doubt was thereby de-
clared to be fatal to the instrument. However, the Court
said that, if the evidence left it doubtful whether the in-
strument was the true last will of deceased, the jury
should find against its validity, because it was incumbent
upon proponents by a preponderance of the evidence to
reasonably satisfy the mind of the jury that the instru-
ment was in truth the last will of deceased.

In Blalock v. Magee, 205 Miss. 209, 250-253, 38 So. 2d
708 (1949), an instruction very similar to the instant
one was criticized but held not to be error. Its termi-
nology, including the word "and" before "uncertain and
doubtful", was said to mean that it must be left uncer-
tain and doubtful in their minds, *because* the burden had
not been met of showing by a preponderance of the evi-
dence the fact contended for by proponent. Of course if

"or" had been used in place of "and", the instruction would be clearly erroneous. In both *Blalock* and Wallace v. Harrison, 218 Miss. 153, 164; 65 So. 2d 456 (1953), it was observed that this form of instruction is "not desirable". However, since it was held in *Blalock* not to be reversible error, and when so construed by the Court, it narrowly complies with a proper standard of the burden of proof, we do not think it is reversible error in this case. See 2 Alexander, Mississippi Jury Instructions (1953), Sec. 4898.

Affirmed.

*McGehee, C. J.,* and *Hall, Arrington,* and *Gillespie, JJ.,* concur.