### 37415. BETSILL *v.* THE STATE.

CARLISLE, Judge. 1. The first special ground of the motion for new trial complains of the admission of certain evidence over the objection of counsel for the defendant that it was irrelevant, immaterial and highly prejudicial. This objection was entirely too vague and general to present any question for determination by the trial court, and the overruling of this objection did not constitute reversible error. *Owen* v. *State,* 78 *Ga. App.* 558 (3) (51 S. E. 2d 602); *Wood* v. *State,* 79 *Ga. App.* 228 (1c) (53 S. E. 2d 497); *Haslerig* v. *Watson,* 205 *Ga.* 668 (1) (54 S. E. 2d 413); *Altman* v. *Strouse,* 210 *Ga.* 282 (2) (79 S. E. 2d 801).

2. The second special ground complains of the failure of the trial court to charge the provisions of Code (Ann.) § 68-1625 (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 575) relating to the quantum of alcohol in a person's blood necessary to raise the presumption of drunkenness under the provisions of the law respecting operating motor vehicles while under the influence of intoxicating liquors or drugs. It is contended that this charge was required because of testimony of a doctor who tested samples of the defendant's blood taken some four hours

after the collision, that he found it to contain .03 percent alcohol. The failure to charge in this regard was not error. The defendant was not charged with operating an automobile under the influence of intoxicating liquor, and whether or not he was in fact under the influence was, under the facts of this case, clearly a collateral issue upon which the court was not required to charge in the absence of a timely written request. *Colt Co.* v. *Wheeler,* 31 *Ga. App.* 427 (1) (120 S. E. 792); *Fudge* v. *State,* 190 *Ga.* 340, 344 (9 S. E. 2d 259); *Wyatt* v. *State,* 206 *Ga.* 613, 617 (57 S. E. 2d 914).

3. In the instant case, every material fact was proved by direct evidence. It, therefore, was not error for the court to fail to charge the law on circumstantial evidence as complained of in special ground 3.

4. In the absence of a timely written request, the trial court did not err in failing to instruct the jury with respect to weight and credit to be given to expert testimony. *Stone* v. *State,* 180 *Ga.* 223 (1) (178 S. E. 435); *Davis* v. *State,* 205 *Ga.* 248, 251 (53 S. E. 2d 545). Special ground 4 of the motion for new trial was properly overruled.

5. The court instructed the jury: "You are made by law the exclusive judges of the credibility of the witnesses in the case. In passing upon this question, the jury may take into consideration . . ," and then followed a full paragraph substantially in the language of Code § 38-107. In the absence of a timely written request, this was a sufficient charge on the credibility of the witnesses.

6. The sixth special ground complains of the failure of the court to instruct the jury as to the meaning of the term "reasonable doubt." The court instructed the jury that before they would be authorized to convict the defendant the State must have proved its case beyond a reasonable doubt. In the absence of a timely written request, the failure to define the term, "reasonable doubt" was not error. *McDowell* v. *State,* 78 *Ga. App.* 116, 125 (50 S. E. 2d 633); *Swain* v. *State,* 91 *Ga. App.* 561, 563 (86 S. E. 2d 642).

7. The evidence on behalf of the State showed and the jury were authorized to find therefrom that the defendant was driving his automobile in a southerly direction on State Route 42 in DeKalb County at a high rate of speed and turned his car across the center line of the highway while attempting to pass and ran headon into an automobile driven by the de-

ceased, Joe P. Daniel, Jr.; that in the collision, Joe P. Daniel, Jr., was killed instantly, and his son, Joe P. Daniel, III, sustained injuries from which he died the following day. At least five eyewitnesses to the occurrence testified on behalf of the State and testified that the defendant drove his automobile across the center line of the highway and traveled several car lengths on the left side before colliding with the deceaseds' automobile. None of these witnesses testified as to the creation of any emergency by the sudden stopping of the automobile in front of the defendant's automobile so as to cause the defendant to turn his automobile suddenly to the left. While some of the defendant's witnesses sought to inject this issue into the case, the evidence presented a jury question as to whether the defendant was faced with an emergency such as to excuse his turning his car to the left, and this court cannot say that the jury erred in resolving this question against the defendant. See *Collins* v. *State,* 66 *Ga. App.* 325 (6, 7) (18 S. E. 2d 24).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 24, 1958.

*James R. Venable,* for plaintiff in error.

*Richard Bell,* Solicitor-General, *E. T. Hendon, Jr.,* Assistant Solicitor-General, contra.