## 65657. CROOM v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of selling marijuana and hydromorphone in violation of the Controlled Substances Act. *Held:*

1. Error is asserted because the trial court refused to grant defendant's motion to dismiss his indictment made on the grounds of a violation of due process because there was a 55 day delay between the commission of the offense and his arrest. It is argued that because of the delay defendant could not remember the date of the alleged offense for which he might have been able to provide an alibi defense.

This issue has been decided adversely to defendant in *State v. Madden,* 242 Ga. 637 (250 SE2d 484), where the court said at 638: " '*No actual prejudice* to the conduct of the defense is alleged or proved, and there is no showing that the Government intentionally delayed to gain some tactical advantage over appellees or to harass them. Appellees rely solely on the real possibility of prejudice inherent in any extended delay; *that memories will dim,* witnesses become inaccessible, and evidence be lost. In light of the applicable statute of limitations, however, these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial and therefore to justify the dismissal of the indictment.' United States v. Marion [(404 U.S. 307 (92 SC 455, 30 LE2d 468)) (Footnote omitted)].

"Madden has likewise shown no 'actual prejudice.' He has merely speculated that if he could have remembered the date, he might have been able to provide an alibi defense. This is insufficient as a matter of law under United States v. Marion, supra."

2. At the start of the trial the rule of sequestration (OCGA § 24-9-61 (Code Ann. § 38-1703)) was invoked, but the district attorney requested that Mercer, a witness who was the chief investigator in the case, remain in the courtroom to assist him. Defendant objected to Mercer remaining unless he testified first. The district attorney indicated that to have Mercer testify first would disrupt the orderly presentation of the state's evidence. Error is enumerated because the trial court permitted Mercer to remain in the courtroom and not be required to testify first, contending that allowing someone who is other than the "nominal prosecutor" to remain and not testify first violates OCGA § 24-9-61 (Code Ann. § 38-1703), supra.

The enforcement of OCGA § 24-9-61 (Code Ann. § 38-1703) "long has been vested in the discretion of the trial court. [Cit.] In *McNeal v. State,* 228 Ga. 633 (4) (187 SE2d 271), it was held that the judge did not abuse his discretion in allowing the investigating detective to remain in the courtroom and testify after other witnesses." *Jarrell v. State,* 234 Ga. 410 (6), 420-21 (216 SE2d 258).

"[B]ased upon a showing by the state of some need not to call the unsequestered witness first, the trial court is authorized, in its discretion, to allow the unsequestered witness to be called to the stand after other witnesses have testified. [Cits]." *Hall v. State,* 243 Ga. 207 (6), 210 (253 SE2d 160). Accord, *Jefferson v. State,* 159 Ga. App. 740 (1) (285 SE2d 213).

The orderly presentation of evidence is a proper reason for permitting an unsequestered witness, who is assisting the prosecutor, to testify after other witnesses. *Hardy v. State,* 245 Ga. 272 (1) (264 SE2d 209).

We find no abuse of discretion in permitting Mercer to testify in this case.

3. The remaining enumeration complains of the trial court's allowing state witness Griffis to testify as to the results of other cases in which he had testified. The objection to this testimony, without further specification, was that it was irrelevant, immaterial and prejudicial.

An objection to evidence on the ground that it is irrelevant, immaterial and prejudicial is "entirely too vague and general to present any question for determination by the trial court, and the overruling of this objection did not constitute reversible error. [Cits.]" *Betsill v. State,* 98 Ga. App. 695 (1) (106 SE2d 323).

"[A] mere general objection to evidence that it is immaterial, inadmissible and prejudicial is too general to present any question for decision. [Cit.]" *Whitehead v. State,* 101 Ga. App. 524 (2) (114 SE2d 379).

Defendant argues that the testimony should not have been admitted on grounds not raised at trial. " 'A reason why evidence should not be admitted will not be considered on appeal unless the reason was urged below.' [Cits.]" *Downs v. State,* 145 Ga. App. 583 (3), 587 (244 SE2d 109).

Accordingly there is no merit in this enumeration.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 8, 1983.

*James D. Clark,* for appellant.

*C. Deen Strickland, District Attorney, Charles C. Grile, Assistant District Attorney,* for appellee.